IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 9 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; MARIA INES MUNOZ BRIONES, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN, INGRI MARVELLA REYES MUNOZ AND CLARISA YAJAIRA REYES MUNOZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, JUAN ENRIQUE REYES MEZA; JUAN ANTONIO REYES AGUILAR, INDIVIDUALLY; IRENE GODINEZ CARDONA, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR SON, ROBERTO ESPARZA GODINEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, ROBERTO ESPARZA RICO; CLEMENTINA SANCHEZ, INDIVIDUALLY; EVA CRISTINA SANCHEZ SIERRA, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN KARLA LIZETH AMADOR SANCHEZ, NANCY MARISOL AMADOR SANCHEZ AND FRANCIS ESTEFANIA AMADOR SANCHEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, PEDRO AMADOR LOPEZ; MANUEL DE JESUS DOBLADO AVILA, INDIVIDUALLY, DELMIRA SOLER DOBLADO, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN NELIS AVILA SOLER, EVER AVILA SOLER, AND ELMER ROBERTO AVILA SOLER, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND ISIDRO AVILA BUESO; LUDIS YESENIA AVILA SOLER, INDIVIDUALLY; OBDULIA FERRUFINO BURGOS, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR GRANDCHILDREN JONATHAN JOEL GUTIERREZ FERRUFINO, LELY AMPAO CANALES FERRUFINO, LELY AMPARO CANALES FERRUFINO, IVY ROXANA CANALES FERRUFINO, OSCAR ALFREDO FERRUFINO, JAIRO MAURICIO FERRUFINO, KATHERINE NINOSKA CANALES FERRUFINO, JENNIFER GUADALUPE FERRUFINO, AND ELMER NOE FERRUFINO, AND AS A SURVIVING HEIR OF THE ESTATES OF HER DAUGHTERS, ROSIBEL FERRUFINO | B-04-117<br><br>CIVIL ACTION NO. _____<br><br>JURY REQUESTED |

NOTICE OF REMOVAL                                                                                                          PAGE 1

| | |
|---|---|
| AND LELY ELIZABETH FERRUFINO, AND HER GRANDDAUGHTER LESLY ESMERALDA FERRUFINO; ROSA DELIA HERNANDEZ DE ARDON, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN HAROLD MAURICIO ARDON HERNANDEZ MARELYN IVETTE ARDON HERNANDEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, DOMINGO ARDON SIBRIAN; SIXTO ACEVEDO AND MARIA EMILIA PEREZ, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, BYRON ADNER ACEVEDO PEREZ<br>     Plaintiffs | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| VS. | § |
| ARNULFO FLORES, JR., NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA, UNION PACIFIC CORPORATION, UNION PACIFIC RAILROAD COMPANY, A T & L RAILROAD COMPANY, INC. AND ARCHER DANIELS MIDLAND COMPANY<br>     Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW UNION PACIFIC RAILROAD COMPANY and UNION PACIFIC CORPORATION, Defendants in the above entitled and numbered cause, and file this their Notice of Removal of the present cause from the 138th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.  This cause was commenced in the 138th Judicial District Court, Cameron County, Texas, on June 3, 2004, when Plaintiffs' Original Petition was filed in Cause Number 2004-06-002918-B. A copy of Plaintiffs' Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.  Defendant Union Pacific Corporation was served with a copy of Plaintiffs' Original Petition on June 14, 2004. Defendant Union Pacific Railroad Company was

served with a copy of Plaintiffs' Original Petition on June 25, 2004. Defendant A T & L Railroad Company, Inc. was served with a copy of Plaintiffs' Original Petition on June 14, 2004. Defendant Archer Daniels Midland Company, Inc. was served with a copy of Plaintiffs' Original Petition on June 10, 2004.

3. This is a civil action for damages and injuries allegedly sustained by Plaintiffs as a result of the deaths of eleven undocumented aliens in 2002. In addition to their contentions against Union Pacific Corporation, Union Pacific Railroad Company, AT & L Railroad, and Archer Daniels Midland Company, Plaintiffs' Original Petition alleges that Defendant Arnulfo Flores, Jr., ("Flores") a conductor formerly employed by Union Pacific Railroad Company, and Defendant Norma Arriaga Trevino ("Trevino") engaged in a civil conspiracy to smuggle undocumented aliens into the United States and to transport said aliens past the Border Patrol Checkpoint in Sarita, Texas. Plaintiffs' Original Petition specifically alleges that "[t]he civil conspiracy is derivative from the acts of negligence committed by Defendants Flores and Trevino". (Pl.'s Orig. Pet., at 15). Plaintiffs further contend that Defendants Flores' and Trevino's negligence arises out of the actions and omissions they engaged in while smuggling and transporting decedents.[1] Plaintiffs allege that Defendants Union Pacific Railroad and Union Pacific Corporation are vicariously liable for Defendant Flores' alleged negligent acts and also directly liable for Defendant Flores' alleged negligent acts pursuant to Section 317 of the Restatement (Second) of Torts. Although Plaintiffs have named

---

[1] Specifically, Plaintiffs assert that Flores and Trevino were negligent in:
    a. failing to let Decedents out of the Union Pacific railcar in a timely manner;
    b. loading Decedents onto a railcar that they would be unable to escape from;
    c. locking the subject railcar from the outside thereby making it impossible for Decedents to open the railcar and escape;
    d. failing to warn Decedents of their inability to unlock the subject railcar; and
    e. failing to inform the police, Border Patrol, Union Pacific or other authorities that Decedents were locked in the subject railcar.

(Pls' Orig. Pet., at 16)

AT&L Railroad Company, Inc. ("ATL") and Archer Daniels Midland Company ("Archer Daniels") as additional defendants, they have alleged no claims or causes of action against these Defendants.

4.     Plaintiffs Juvenal Esparza Rico and Arcelia Contreras Ortega both sue individually, as wrongful death beneficiaries for the alleged wrongful death of their son, Omar Esparza Contreras ("Decedent Contreras"), and both claim to be qualified heirs to maintain a survival action on behalf of Decedent Contreras' estate's survival damages. Plaintiffs Juvenal Esparza Rico and Arcelia Contreras Ortega allege in Plaintiffs' Original Petition that they are residents of Sarasota, Florida. Therefore, Plaintiffs Juvenal Esparza Rico and Arcelia Contreras Ortega are citizens of Florida. Upon information and belief, Decedent Cardenas was a citizen of the Republic of Mexico at the time of his death.

5.     Plaintiff Maria Ines Munoz Briones has sued individually as a wrongful death beneficiary for the alleged wrongful death of her husband, Juan Enrique Reyes Meza ("Decedent Meza"). Plaintiff Maria Ines Munoz Briones has also sued as next friend of Ingri Marvella Reyes Munoz and Clarisa Yajaira Reyes Munoz, Plaintiff Briones and Decedent Meza's children, as wrongful death beneficiaries of the alleged wrongful death of Decedent Meza. Plaintiff Maria Ines Munoz Briones further alleges that she qualifies as the proper heir to maintain a survival action on behalf of Decedent Meza's estate's survival damages. Plaintiff Juan Antonio Reyes Aguilar has also sued individually as a wrongful death beneficiary for the alleged wrongful death of his son, Decedent Meza. Plaintiffs Maria Ines Munoz Briones and Juan Antonio Reyes Aguilar allege in Plaintiffs' Original Petition that they are residents of the State of Nuevo Leon in the Republic of Mexico. Therefore, Plaintiffs Maria Ines Munoz Briones and Juan Antonio Reyes Aguilar are citizens of the Republic of Mexico. Upon information and

belief, Decedent Meza was also a citizen of the Republic of Mexico at the time of his death.

6.   Plaintiff Irene Godinez Cardona has sued individually as a wrongful death beneficiary for the alleged wrongful death of her husband, Roberto Esparza Rico ("Decedent Rico"). Plaintiff Irene Godinez Cardona has also sued as next friend of her and Decedent Rico's minor child, Roberto Esparza Godinez, claiming that he too is a wrongful death beneficiary of the alleged wrongful death of Decedent Rico. Plaintiff Irene Godinez Cardona further claims to be a qualified heir to maintain a survival action on behalf of Decedent Rico's estate's survival damages. Plaintiff Irene Godinez Cardona alleges in Plaintiffs' Original Petition that she is a resident of the State of Aguascalientes in the Republic of Mexico. Therefore Plaintiff Irene Godinez Cardona is a citizen of the Republic of Mexico. Upon information and belief, Decedent Rico was also a citizen of the Republic of Mexico at the time of his death.

7.   Plaintiff Eva Cristina Sanchez Sierra has sued individually as a wrongful death beneficiary for the alleged wrongful death of her husband, Pedro Amador Lopez ("Decedent Lopez"). Plaintiff Eva Cristina Sanchez Sierra also sued as next friend of Karla Lizeth Amador Sanchez, Nancy Marisol Amador Sanchez, Marvin Alexander Amador Sanchez, and Francis Estefania Amador Sanchez, Plaintiff Eva Cristina Sanchez Sierra's and Decedent Lopez's minor children, as wrongful death beneficiaries of the alleged wrongful death of Decedent Lopez. Plaintiff Eva Cristina Sanchez Sierra further alleges that she is qualified as the proper heir to maintain a survival action on behalf of Decedent Lopez's estate's survival damages. Plaintiff Clementina Sanchez also sued individually as a wrongful death beneficiary for the alleged wrongful death of her son, Decedent Lopez. Plaintiffs Eva Cristina Sanchez Sierra and Clementina Sanchez allege in Plaintiffs' Original Petition that they are residents of the Republic of Honduras.

Therefore, Plaintiffs Eva Cristina Sanchez Sierra and Clementina Sanchez are citizens of the Republic of Honduras. Upon information and belief, Decedent Meza was also a citizen of the Republic of Honduras at the time of his death.

8.   Plaintiff Delmira Soler Doblado has sued individually as a wrongful death beneficiary for the alleged wrongful death of her husband, Isidro Avila Bueso ("Decedent Bueso"). Plaintiff Delmira Soler Doblado also sued as next friend of Nelis Avila Soler, Ever Avila Soler, and Elmer Roberto Avila Soler, Plaintiff Doblado's and Decedent Bueso's minor children, as wrongful death beneficiaries of the alleged wrongful death of Decedent Bueso. Plaintiff Delmira Soler Doblado further alleges that she is qualified as the proper heir to maintain a survival action on behalf of Decedent Bueso's estate's survival damages. Plaintiff Manuel De Jesus Doblado Avila also sued individually as a wrongful death beneficiary for the alleged wrongful death of his son, Decedent Bueso. Plaintiff Ludis Yesenia Avila Soler also sued individually as a wrongful death beneficiary for the alleged wrongful death of her father, Decedent Bueso. Plaintiffs Delmira Soler Doblado, Manuel De Jesus Doblado Avila, and Ludis Yesenia Avila Soler all allege in Plaintiffs' Original Petition that they are residents of the Republic of Honduras. Therefore, Plaintiffs Delmira Soler Doblado, Manuel De Jesus Doblado Avila and Ludis Yesenia Avila Soler are citizens of the Republic of Honduras. Upon information and belief, Decedent Bueso was also a citizen of the Republic of Honduras at the time of his death.

9.   Plaintiff Obdulia Ferrufino Burgos has sued individually as wrongful death beneficiary for the alleged wrongful deaths of her daughters, Rosibel Ferrufino ("Decedent R. Ferrufino") and Lely Elizabeth Ferrufino ("Decedent L. E. Ferrufino"). Plaintiff Obdulia Ferrufino Burgos also sued as next friend of her minor grandchildren, Oscar Alfredo Ferrufino, Jairo Mauricio Ferrufino, Katherine Ninoska Canales Ferrufino,

Jennifer Guadalupe Ferrufino, and Elmer Noe Ferrufino, the minor children of Decedent R. Ferrufino, as wrongful death beneficiaries of the alleged wrongful death of Decedent R. Ferrufino. Plaintiff Obdulia Ferrufino Burgos also sued as next friend of her minor grandchildren, Jonathan Joel Gutierrez Ferrufino, Lely Amparo Canales Ferrufino, and Ivy Roxana Canales Ferrufino the minor children of Decedent L. E. Ferrufino, as wrongful death beneficiaries of the alleged wrongful death of Decedent L. E. Ferrufino. Plaintiff Obdulia Ferrufino Burgos claims to be a qualified heir to maintain a survival action on behalf of Decedents R. Ferrufino's and L.E. Ferrufino's respective estate's survival damages. Plaintiff Obdulia Ferrufino Burgos alleges in Plaintiffs' Original Petition that she is a resident of the Republic of Honduras. Therefore, Plaintiff Obdulia Ferrufino Burgos is a citizen of the Republic of Honduras. Upon information and belief, Decedents R. Ferrufino and L. E. Ferrufino were citizens of the Republic of Honduras at the time of their death.

10. Plaintiff Obdulia Ferrufino Burgos has sued individually as wrongful death beneficiary for the alleged wrongful death of her granddaughter Lesly Esmeralda Ferrufino ("Decedent Lesly Ferrufino"). Plaintiff Obdulia Ferrufino Burgos further claims to be a qualified heir to maintain a survival action on behalf of Decedent Lesly Ferrufino's estate's survival damages. Plaintiff Obdulia Ferrufino Burgos alleges in Plaintiffs' Original Petition that she is a resident of the Republic of Honduras. Therefore, Plaintiff Obdulia Ferrufino Burgos is a citizen of the Republic of Honduras. Upon information and belief, Decedent Lesly Ferrufino was a citizen of the Republic of Honduras at the time of her death.

11. Plaintiff Rosa Delia Hernandez de Ardon has sued individually as a wrongful death beneficiary for the alleged wrongful death of her husband, Domingo Ardon Sibrian ("Decedent Sibrian"). Plaintiff Rosa Delia Hernandez de Ardon also sued

as next friend of Harold Mauricio Ardon Hernandez and Marelyn Ivette Ardo Hernandez, Plaintiff Ardon's and Decedent Sibrian's minor children, as wrongful death beneficiaries of the alleged wrongful death of Decedent Sibrian. Plaintiff Rosa Delia Hernandez de Ardon further alleges that she is qualified as the proper heir to maintain a survival action on behalf of Decedent Sibrian's estate's survival damages. Plaintiff Rosa Delia Hernandez de Ardon alleges in Plaintiffs' Original Petition that she and her children are residents of the Republic of El Salvador. Therefore, Plaintiff Rosa Delia Hernandez de Ardon is a citizen of the Republic of El Salvador. Upon information and belief, Decedent Sobrian was also a citizen of El Salvador at the time of his death.

12. Plaintiffs Sixto Acevedo and Maria Emilia Perez have sued individually as wrongful death beneficiaries for the alleged wrongful death of their son, Byron Adner Acevedo Perez ("Decedent Perez"). Plaintiffs Sixto Acevedo and Maria Emilia Perez further allege that each qualifies as a proper heir to maintain a survival action on behalf of Decedent Perez's estate's survival damages. Plaintiffs Sixto Acevedo and Maria Emilia Perez allege in Plaintiffs' Original Petition that they are residents of the Republic of El Salvador. Therefore, Plaintiffs Sixto Acevedo and Maria Emilia Perez are citizens of the Republic of El Salvador. Upon information and belief, Decedent Perez was also a citizen of the Republic of El Salvador at the time of his death.

13. Defendant Union Pacific Railroad Company is a corporation, duly incorporated under the laws of the State of Delaware, with its principal place of business in Nebraska. Therefore, Defendant Union Pacific Railroad Company is a citizen of Delaware and Nebraska.

14. Defendant Union Pacific Corporation is a corporation, duly incorporated under the laws of the State of Utah, with its principal place of business in Omaha,

Nebraska. Therefore, Defendant Union Pacific Corporation is a citizen of Utah and Nebraska.

15. Defendant AT&L Railroad Company, Inc. is a corporation duly incorporated under the laws of the State of Oklahoma with its principal office in Oklahoma. It is therefore a citizen of Oklahoma.

16. Defendant Archer Daniels Midland Company is a corporation duly incorporated under the laws of the State Delaware of with its principal office in Illinois. It is therefore a citizen of Delaware and Illinois.

17. Defendant Flores is a former resident of Kleberg County, Texas, and absent his fraudulent joinder to this lawsuit, he would be considered a citizen of Texas. Defendant Trevino allegedly resides in Harlingen, Texas, and absent her fraudulent joinder to this lawsuit, she would be a citizen of Texas. While the Texas citizenship of Defendants Flores and Trevino would normally destroy diversity jurisdiction, Plaintiffs' inclusion of Defendants Flores and Trevino does not defeat diversity jurisdiction because Defendants Flores and Trevino are fraudulently joined, "sham" defendants to this lawsuit. In the Fifth Circuit, as elsewhere, fraudulently joined defendants – defendants against whom relief is not seriously sought – must be ignored in assessing whether the "complete diversity" requirement of federal diversity jurisdiction is met. *See, e.g., Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (citizenship of fraudulently joined defendants should not be considered in determining propriety of removal); *Arzehgar v. Dixon*, 150 F.R.D. 92, 94 (S.D. Tex. 1993) (same).

18. The term "fraudulent joinder" is actually a misnomer because this jurisdictional doctrine does not generally require proof of fraud. *See, e.g., Burden*, 60 F.3d at 217. Rather, to establish that joinder is "fraudulent," a defendant must show

that plaintiff cannot establish the alleged cause of action against the in-state defendant. *Id.* at 216.

19.    Initially, Defendants would show the Court that all of Plaintiffs' causes of action asserted in their Original Petition against Flores and Trevino are derivative of Decedents' rights or claims that, absent their death, Decedents could have brought and maintained. *See Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex.1992) (explaining that in order to prove a survival action and/or wrongful death action, a plaintiff must establish the deceased would have been able to bring an action for the injury if she were still alive). Thus, in order for Plaintiffs to be able to establish any viable cause of action against Defendant Flores and/or Defendant Trevino, Decedents would have to have been able to maintain an action for their alleged injuries had they lived. Based on well-established Texas law, Decedents could not maintain any such claim or cause of action against Defendant Flores and/or Defendant Trevino for their injuries. Over a century ago in *Gulf, C. & S.F. Ry. v. Johnson*, 71 Tex. 619, 621-2, 9 S.W. 602, 603 (1888), the Texas Supreme Court first articulated the foundation for what would come to be called the Unlawful Acts Rule by explaining that:

> "no action will lie to recover a claim for damages, if to establish it the plaintiff requires aid from an illegal transaction, or is under the necessity of showing or in any manner depending upon an illegal act to which he is a party . . .[I]n those cases where it is shown that , at the time of the injury, the plaintiff was engaged in the denounced or illegal act, the rule is, if the illegal act contributed to the injury, he cannot recover . . . .."

*Id*; *see also Ward v. Emmett*, 37 S.W.3d 500, 502 (Tex. App. – San Antonio 2001)(explaining that since the *Johnson* decision Texas courts have used the unlawful acts rule along with public policy principles to prevent a plaintiff from recovering damages that arose out of his or her own illegal conduct).

20.    Plaintiffs' own pleadings establish the applicability of the Unlawful Acts Rule by demonstrating that Decedents' injuries resulted from their unlawful plan to illegally enter and be transported in the United States. Plaintiffs admit in their Original Petition that, with the help of Defendant Flores and his co-conspirators, Decedents illegally crossed into the United States, intentionally hid out from law enforcement authorities in Cameron County, and then in order to evade detection at the Border Patrol Checkpoint in Sarita, Texas, paid Defendant Flores "a monetary fee from the Decedents in return for Defendant Flores' allowing Decedents to ride on the Union Pacific grain hopper . . .." (*See Pl.'s Orig. Pet.*, at 14-15). This information alone establishes that Decedents violated federal law by entering into a conspiracy with Defendants Flores and Trevino, among others, to illegally enter the United States, illegally evade law enforcement authorities and to be unlawfully transported. Given that Decedents' and, derivatively, Plaintiffs' injuries were caused and/or contributed to as a result of Decedents actively engaging in an illegal criminal conspiracy with Defendant Flores and Defendant Trevino, Plaintiffs cannot as a matter of law maintain a viable claim against Defendant Flores and Defendant Trevino. Therefore, Defendants Flores and Trevino have been fraudulently joined, and their citizenship should be ignored for purposes of determining diversity jurisdiction.

21.    Therefore, despite Plaintiffs' inclusion of in-state residents as ostensible defendants for the clear and sole purpose of defeating diversity jurisdiction, there is complete diversity in this case under 28 U.S.C. §1332(a). *Cf. Grassi v. CIBA-GEIGY, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990) (the need for diversity jurisdiction "may well be greatest when the plaintiff tries hardest to defeat it") (citation omitted).

22. For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

23. Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioner to Plaintiffs and their counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

24. Defendants would further show the Court that while Plaintiffs have not set forth a specific amount of damages which they are seeking in Plaintiffs' Original Petition, based on the injuries and damages alleged in Plaintiffs' pleadings, Plaintiffs are seeking to recover from Defendants damages well in excess of $75,000.00.

25. This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of the date of service of Plaintiffs' Original Petition upon the first served defendant and within one year of the initial filing of the lawsuit.

26. Defendants A T & L Railroad Company, Inc. and Archer-Daniels-Midland Company, Inc. have consented to this removal as evidenced by their written consent attached hereto.

27. Defendants hereby request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Union Pacific Railroad Company and Union Pacific Corporation pray for removal of the above entitled and numbered cause from the 138th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
Mitchell C. Chaney
Attorney-in-Charge
State Bar No. 04107500
Southern District Admissions No. 1918
    Joseph A. "Tony" Rodriguez
State Bar No. 17146600
Southern District Admissions No. 10107
    R. Patrick Rodriguez
State Bar No. 24002861
Southern District Admissions No. 22949
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
UNION PACIFIC RAILROAD COMPANY
AND UNION PACIFIC CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

>Alberto T. Garcia III
>Law Offices of Alberto T. Garcia III, P.C.
>500 West Pecan Boulevard
>McAllen, Texas 78501
>Attorneys for Plaintiffs
>
>Todd O. Lafferty
>P. O. Box 510
>Watonga, Oklahoma 73772
>Attorneys for Defendants A T & L Railroad Company, Inc. and Archer-Daniels Midland Company
>
>Tom Lockhart
>Adams & Graham, LLP
>Post Office Drawer 1429
>Harlingen, Texas 78551-1429
>Attorneys for Defendants A T & L Railroad Company, Inc. and Archer-Daniels Midland Company

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 9th day of July, 2004.

_____
Mitchell C. Chaney