CAUSE NO. 2004-06-00 2918-B

| | |
|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA §<br>CONTRERAS ORTEGA, INDIVIDUALLY §<br>AND AS THE SOLE SURVIVING HEIRS OF §<br>THE ESTATE OF THEIR SON, OMAR ESPARZA§<br>CONTRERAS; MARIA INES MUNOZ BRIONES, §<br>INDIVIDUALLY, AS NEXT FRIEND OF HER §<br>MINOR CHILDREN, INGRI MARVELLA §<br>REYES MUNOZ AND CLARISA YAJAIRA §<br>REYES MUNOZ, AND AS A SURVIVING HEIR §<br>OF THE ESTATE OF HER HUSBAND, JUAN §<br>ENRIQUE REYES MEZA; JUAN ANTONIO §<br>REYES AGUILAR, INDIVIDUALLY; IRENE §<br>GODINEZ CARDONA, INDIVIDUALLY, AS §<br>NEXT FRIEND OF HER MINOR SON, §<br>ROBERTO ESPARZA GODINEZ, AND AS A §<br>SURVIVING HEIR OF THE ESTATE OF HER §<br>HUSBAND, ROBERTO ESPARZA RICO; §<br>CLEMENTINA SANCHEZ, INDIVIDUALLY; §<br>EVA CRISTINA SANCHEZ SIERRA, §<br>INDIVIDUALLY, AS NEXT FRIEND OF HER §<br>MINOR CHILDREN, KARLA LIZETH AMADOR§<br>SANCHEZ, NANCY MARISOL AMADOR §<br>SANCHEZ, MARVIN ALEXANDER AMADOR §<br>SANCHEZ AND FRANCIS ESTEFANIA §<br>AMADOR SANCHEZ, AND AS A SURVIVING §<br>HEIR OF THE ESTATE OF HER HUSBAND, §<br>PEDRO AMADOR LOPEZ; MANUEL DE §<br>JESUS DOBLADO AVILA, INDIVIDUALLY; §<br>DELMIRA SOLER DOBLADO, INDIVIDUALLY,§<br>AS NEXT FRIEND OF HER MINOR CHILDREN §<br>NELIS AVILA SOLER, EVER AVILA SOLER, §<br>AND ELMER ROBERTO AVILA SOLER, §<br>AND AS A SURVIVING HEIR OF THE ESTATE §<br>OF HER HUSBAND ISIDRO AVILA BUESO; §<br>LUDIS YESENIA AVILA SOLER, §<br>INDIVIDUALLY; OBDULIA FERRUFINO §<br>BURGOS; INDIVIDUALLY, AS NEXT FRIEND §<br>OF HER MINOR GRANDCHILDREN §<br>JONATHAN JOEL GUTIERREZ FERRUFINO, §<br>LELY AMPARO CANALES FERRUFINO, §<br>IVY ROXANA CANALES FERRUFINO, §<br>OSCAR ALFREDO FERRUFINO, JAIRO §<br>MAURICIO FERRUFINO, KATHERINE §| IN THE DISTRICT COURT<br><br>FILED ___11:16___ O'CLOCK __A__ M<br>AURORA DE LA GARZA DIST. CLERK<br>JUN 3 2004<br>DISTRICT COURT OF CAMERON COUNTY, TEXAS<br>_____ DEPUTY |

NINOSKA CANALES FERRUFINO,              §
JENNIFER GUADALUPE FERRUFINO,           §
AND ELMER NOE FERRUFINO, AND AS A       §
SURVIVING HEIR OF THE ESTATES OF        §
HER DAUGHTERS, ROSIBEL FERRUFINO        §
AND LELY ELIZABETH FERRUFINO, AND       §
HER GRANDDAUGHTER LESLY ESMERALDA§
FERRUFINO; ROSA DELIA HERNANDEZ         §
DE ARDON, INDIVIDUALLY, AS NEXT         §
FRIEND OF HER MINOR CHILDREN            §
HAROLD MAURICIO ARDON HERNANDEZ,        §
MARELYN IVETTE ARDON HERNANDEZ,         §
AND AS A SURVIVING HEIR OF THE          §
ESTATE OF HER HUSBAND, DOMINGO          §
ARDON SIBRIAN; SIXTO ACEVEDO AND        §
MARIA EMILIA PEREZ, INDIVIDUALLY        §
AND AS THE SOLE SURVIVING HEIRS OF      §
THE ESTATE OF THEIR SON, BYRON          §
ADNER ACEVEDO PEREZ                     §
    Plaintiffs                §
                                    §
VS.                                     §        138 th JUDICIAL DISTRICT
                                    §
ARNULFO FLORES, JR., NORMA ARRIAGA      §
TREVINO a/k/a NORMA BOCANEGRA,          §
UNION PACIFIC CORPORATION,              §
UNION PACIFIC RAILROAD COMPANY,         §
A T & L RAILROAD COMPANY, INC. AND      §
ARCHER DANIELS MIDLAND COMPANY          §
    Defendants             §        CAMERON COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS JUVENAL ESPARZA RICO AND ARCELIA

CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF

THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; MARIA INES MUNOZ

BRIONES, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN, INGRI

MARVELLA REYES MUNOZ AND CLARISA YAJAIRA REYES MUNOZ, AND AS A

SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, JUAN ENRIQUE REYES MEZA;
JUAN ANTONIO REYES AGUILAR, INDIVIDUALLY; IRENE GODINEZ CARDONA,
INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR SON, ROBERTO ESPARZA
GODINEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND,
ROBERTO ESPARZA RICO, CLEMENTINA SANCHEZ, INDIVIDUALLY; EVA CRISTINA
SANCHEZ SIERRA, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN,
KARLA LIZETH AMADOR SANCHEZ, NANCY MARISOL AMADOR SANCHEZ,
MARVIN ALEXANDER AMADOR SANCHEZ AND FRANCIS ESTEFANIA AMADOR
SANCHEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, PEDRO
AMADOR LOPEZ; MANUEL DE JESUS DOBLADO AVILA, INDIVIDUALLY; DELMIRA
SOLER DOBLADO, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN
NELIS AVILA SOLER, EVER A VILA S OLER, A ND E LMER R OBERTO A VILA S OLER,
AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND ISIDRO AVILA
BUESO; LUDIS YESENIA AVILA SOLER, INDIVIDUALLY; OBDULIA FERRUFINO
BURGOS, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR GRANDCHILDREN
JONATHAN JOEL GUTIERREZ FERRUFINO, LELY AMPARO CANALES FERRUFINO,
IVY ROXANA CANALES FERRUFINO, OSCAR ALFREDO FERRUFINO, JAIRO
MAURICIO FERRUFINO, KATHERINE NINOSKA CANALES FERRUFINO, JENNIFER
GUADALUPE FERRUFINO, AND ELMER NOE FERRUFINO, AND AS A SURVIVING
HEIR OF THE ESTATES OF HER DAUGHTERS, ROSIBEL FERRUFINO AND LELY
ELIZABETH FERRUFINO AND HER GRANDDAUGHTER LESLY ESMERALDA
FERRUFINO, ROSA DELIA HERNANDEZ DE ARDON, INDIVIDUALLY, AS NEXT
FRIEND OF HER MINOR CHILDREN HAROLD MAURICIO ARDON HERNANDEZ,

3

MARELYN IVETTE ARDON HERNANDEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, DOMINGO ARDON SIBRIAN; SIXTO ACEVEDO AND MARIA EMILIA PEREZ, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, BYRON ADNER ACEVEDO PEREZ and file this their Original Petition and complaint of Defendants ARNULFO FLORES, JR., NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA, UNION PACIFIC CORPORATION, UNION PACIFIC RAILROAD COMPANY, A T & L RAILROAD COMPANY, INC. and ARCHER DANIELS MIDLAND COMPANY and for cause of action would show the Court as follows:

## I.

### DISCOVERY PLAN

The discovery control plan applicable to this case is Level 2 because Plaintiffs seek damages in excess of $50,000 and the Court has not ordered a Level 3 discovery plan.

## II.

### PARTIES

PLAINTIFF JUVENAL ESPARZA RICO is an individual residing in Sarasota, Florida. He is the father of OMAR ESPARZA CONTRERAS and brings this lawsuit in his individual capacity for the damages he suffered because of the wrongful death of his son and also as a surviving heir for the survival damages of his son's estate. JUVENAL ESPARZA RICO is qualified as an heir to maintain a survival action for his son's survival damages because there is no administration pending for his son's estate and none is necessary. No estate administration is necessary because OMAR ESPARZA CONTRERAS had fewer than two debts, had no children or spouse, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is no representative

4

qualified to act, no administration is desired by those interested in the estate and his only heirs, his parents JUVENAL ESPARZA RICO and ARCELIA CONTRERAS ORTEGA, are in possession of OMAR ESPARZA CONTRERAS' property.

PLAINTIFF ARCELIA CONTRERAS ORTEGA is an individual residing in Sarasota, Florida. She is the mother of OMAR ESPARZA CONTRERAS and brings this lawsuit in her individual capacity for the damages she suffered because of the wrongful death of her son and also as a surviving heir for the survival damages of her son's estate. ARCELIA CONTRERAS ORTEGA is qualified as an heir to maintain a survival action for her son's survival damages because there is no administration pending for her son's estate and none is necessary. No estate administration is necessary because OMAR ESPARZA CONTRERAS had fewer than two debts, had no children or spouse, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is no representative qualified to act, no administration is desired by those interested in the estate and his only heirs, his parents JUVENAL ESPARZA RICO and ARCELIA CONTRERAS ORTEGA, are in possession of OMAR ESPARZA CONTRERAS' property.

PLAINTIFF MARIA INES MUNOZ BRIONES is an individual residing in the State of Nuevo Leon in the Republic of Mexico. She is the spouse of JUAN ENRIQUE REYES MEZA and brings this lawsuit in her individual capacity for the damages she suffered because of the wrongful death of her husband, as next friend of her minor children, INGRI MARVELLA REYES MUNOZ and CLARISA YAJAIRA REYES MUNOZ for the damages they suffered because of the wrongful death of their father, and also as a surviving heir for the survival damages of her husband's estate. MARIA INES MUNOZ BRIONES is qualified as an heir to maintain a survival action for her husband's survival damages because there is no administration

5

pending for her husband's estate and none is necessary. No estate administration is necessary because JUAN ENRIQUE REYES MEZA had fewer than two debts, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is n o r epresentative q ualified t o a ct, n o a dministration i s desired by those interested in the estate and his spouse and other surviving heirs are in possession of JUAN ENRIQUE REYES MEZA'S property.

JUAN ANTONIO REYES AGUILAR is an individual residing in the State of Nuevo Leon in the Republic of Mexico. He is the father of JUAN ENRIQUE REYES MEZA and brings this lawsuit in his individual capacity for the damages he suffered because of the wrongful death of his son.

PLAINTIFF IRENE GODINEZ CARDONA is an individual residing in the State of Aguascalientes in the Republic of Mexico. She is the spouse of ROBERTO ESPARZA RICO and brings this lawsuit in her individual capacity for the damages she suffered because of the wrongful death of her husband, as next friend of her minor son, ROBERTO ESPARZA GODINEZ for the damages he suffered because of the wrongful death of his father, and also as a surviving heir for the survival damages of her husband's estate. IRENE GODINEZ CARDONA is qualified as an heir to maintain a survival action for her husband's survival damages because there i s n o a dministration p ending f or h er h usband's e state a nd n one i s n ecessary. No estate administration is necessary because ROBERTO ESPARZA RICO had fewer than two debts, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is no representative qualified to act, no administration is desired by those interested in the estate and his spouse and other surviving heirs are in possession of ROBERTO ESPARZA RICO'S property.

PLAINTIFF CLEMENTINA SANCHEZ is an individual residing in the Republic of Honduras. She is the mother of PEDRO AMADOR LOPEZ and brings this lawsuit in her individual capacity for the damages she suffered because of the wrongful death of her son.

PLAINTIFF EVA CRISTINA SANCHEZ SIERRA is an individual residing in the Republic of Honduras. She is the spouse of PEDRO AMADOR LOPEZ and brings this lawsuit in her individual capacity for the damages she suffered because of the wrongful death of her husband, as next friend of her minor children, KARLA LIZETH AMADOR SANCHEZ, NANCY MARISOL AMADOR SANCHEZ, MARVIN ALEXANDER AMADOR SANCHEZ AND FRANCIS ESTEFANIA AMADOR SANCHEZ for the damages they suffered because of the wrongful death of their father, and also as a surviving heir for the survival damages of her husband's estate. EVA CRISTINA SANCHEZ SIERRA is qualified as an heir to maintain a survival action for her husband's survival damages because there is no administration pending for her husband's estate and none is necessary. No estate administration is necessary because PEDRO AMADOR LOPEZ had fewer than two debts, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is no representative qualified to act, no administration is desired by those interested in the estate and his spouse and other surviving heirs are in possession of PEDRO AMADOR LOPEZ'S property.

PLAINTIFF MANUEL DE JESUS DOBLADO AVILA is an individual residing in the Republic of Honduras. He is the father of ISIDRO AVILA BUESO and brings this lawsuit in his individual capacity for the damages he suffered because of the wrongful death of his son.

PLAINTIFF DELMIRA SOLER DOBLADO is an individual residing in the Republic of Honduras. She is the spouse of ISIDRO AVILA BUESO and brings this lawsuit in her

individual capacity for the damages she suffered because of the wrongful death of her husband, as next friend of her minor children, NELIS AVILA SOLER, EVER AVILA SOLER AND ELMER ROBERTO AVILA SOLER for the damages they suffered because of the wrongful death of their father, and also as a surviving heir for the survival damages of her husband's estate. DELMIRA SOLER DOBLADO is qualified as an heir to maintain a survival action for her husband's survival damages because there is no administration pending for her husband's estate and none is necessary. No estate administration is necessary because ISIDRO AVILA BUESO had fewer than two debts, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is no representative qualified to act, no administration is desired by those interested in the estate and his spouse and other surviving heirs are in possession of ISIDRO AVILA BUESO'S property.

PLAINTIFF LUDIS YESENIA AVILA SOLER is an individual residing in the Republic of Honduras. She is the daughter of ISIDRO AVILA BUESO and brings this lawsuit in her individual capacity for the damages she suffered because of the wrongful death of her father.

PLAINTIFF OBDULIA FERRUFINO BURGOS is an individual residing in the Republic of Honduras. She is the mother of ROSIBEL FERRUFINO AND LELY ELIZABETH FERRUFINO and brings this lawsuit in her individual capacity for the damages she suffered because of the wrongful death of her daughters, as next friend of her minor grandchildren, OSCAR ALFREDO FERRUFINO, JAIRO MAURICIO FERRUFINO, KATHERINE NINOSKA CANALES FERRUFINO, JENNIFER GUADALUPE FERRUFINO AND ELMER NOE FERRUFINO, who are the daughters of ROSIBEL FERRUFINO, and JONATHAN JOEL GUTIERREZ FERRUFINO, LELY AMPARO CANALES FERRUFINO AND IVY ROXANA

8

CANALES FERRUFINO, who are the children of LELY ELIZABETH FERRUFINO, for the damages they suffered because of the wrongful death of their respective mothers, and also as a surviving heir for the survival damages of her two daughters' estates. OBDULIA FERRUFINO BURGOS is qualified as an heir to maintain a survival action for her two daughters' survival damages because there is no administration pending for their estates and none is necessary. No estate administration is necessary because ROSIBEL FERRUFINO AND LELY ELIZABETH FERRUFINO had fewer than two debts, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is no representative qualified to act, no administration is desired by those interested in the estate and their surviving heirs are in possession of ROSIBEL FERRUFINO AND LELY ELIZABETH FERRUFINO'S property.

PLAINTIFF OBDULIA FERRUFINO BURGOS is also the grandmother of LESLY ESMERALDA FERRUFINO, who died with no surviving spouse, children or parents. PLAINTIFF OBDULIA FERRUFINO BURGOS also brings this lawsuit as a surviving heir for the survival damages of her granddaughter LESLY ESMERALDA FERRUFINO. OBDULIA FERRUFINO BURGOS is qualified as an heir to maintain a survival action for her granddaughter's survival damages because there is no administration pending for her estate and none is necessary. No estate administration is necessary because LESLY ESMERALDA FERRUFINO had fewer than two debts, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is no representative qualified to act, no administration is desired by those interested in the estate and her surviving heir is in possession of LESLY ESMERALDA FERRUFINO'S property.

9

PLAINTIFF ROSA DELIA HERNANDEZ DE ARDON is an individual residing in the Republic of El Salvador. She is the spouse of DOMINGO ARDON SIBRIAN and brings this lawsuit in her individual capacity for the damages she suffered because of the wrongful death of her husband, as next friend of her minor children, HAROLD MAURICIO ARDON HERNANDEZ and MARELYN IVETTE ARDON HERNANDEZ for the damages they suffered because of the wrongful death of their father, and also as a surviving heir for the survival damages of her husband's estate. ROSA DELIA HERNANDEZ DE ARDON is qualified as an heir to maintain a survival action for her husband's survival damages because there is no administration pending for her husband's estate and none is necessary. No estate administration is necessary because DOMINGO ARDON SIBRIAN had fewer than two debts, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is no representative qualified to act, no administration is desired by those interested in the estate and his spouse and other surviving heirs are in possession of DOMINGO ARDON SIBRIAN'S property.

PLAINTIFF SIXTO ACEVEDO is an individual residing in the Republic of El Salvador. He is the father of BYRON ADNER ACEVEDO PEREZ and brings this lawsuit in his individual capacity for the damages he suffered because of the wrongful death of his son and also as a surviving heir for the survival damages of his son's estate. SIXTO ACEVEDO is qualified as an heir to maintain a survival action for his son's survival damages because there is no administration pending for his son's estate and none is necessary. No estate administration is necessary because BYRON ADNER ACEVEDO PEREZ had fewer than two debts, had no children or spouse, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is no

representative qualified to act, no administration is desired by those interested in the estate and his only heirs, his parents JUVENAL ESPARZA RICO and MARIA EMILIA PEREZ, are in possession of BYRON ADNER ACEVEDO PEREZ'S property.

PLAINTIFF MARIA EMILIA PEREZ is an individual residing in the Republic of El Salvador. She is the mother of BYRON ADNER ACEVEDO PEREZ and brings this lawsuit in her individual capacity for the damages she suffered because of the wrongful death of her son and also as a surviving heir for the survival damages of her son's estate. MARIA EMILIA PEREZ is qualified as an heir to maintain a survival action for her son's survival damages because there is no administration pending for her son's estate and none is necessary. No estate administration is necessary because BYRON ADNER ACEVEDO PEREZ had fewer than two debts, had no children or spouse, there is no desire to have a court partition the estate among the distributees, the interest of the estate in filing this lawsuit requires immediate action and there is no representative qualified to act, no administration is desired by those interested in the estate and his only heirs, his parents SIXTO ACEVEDO and MARIA EMILIA PEREZ, are in possession of BYRON ADNER ACEVEDO PEREZ'S property.

DEFENDANT ARNULFO FLORES, JR. is an individual who resided in Kingsville, Kleberg County, Texas at the time the Plaintiffs' cause of action accrued. He may be served with process at his home address, which is 1801 Annette Street, Kingsville, Texas 78363.

DEFENDANT NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA is an individual who resided in Harlingen, Cameron County, Texas at the time the Plaintiffs' cause of action accrued. She may be served with process at her home address, which is 706 E. Filmore Ave., Harlingen, Texas 78550.

11

DEFENDANT UNION PACIFIC CORPORATION is a foreign corporation doing business within the State of Texas with its principal place of business in Omaha, Nebraska. UNION PACIFIC CORPORATION may be served with process by serving its registered agent in the State of Texas, CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

DEFENDANT UNION PACIFIC RAILROAD COMPANY is a foreign railroad doing business within the State of Texas with its principal place of business in Omaha, Nebraska. UNION PACIFIC RAILROAD COMPANY may be served with process by serving its registered agent for service in the State of Texas, Mr. Merrick C. Walton, General Solicitor, 808 Travis Street, Suite 620, Houston, Texas 77002.

DEFENDANT AT & L RAILROAD COMPANY, INC. is a foreign railroad doing business within the State of Texas with its principal place of business in Watonga, Oklahome. AT & L RAILROAD COMPANY, INC. may be served with process by serving its President, Mr. S. Steven Smola, P.O. Box 29, Watonga, Oklahoma 73772.

DEFENDANT ARCHER DANIELS MIDLAND COMPANY is a foreign corporation doing business within the State of Texas with its principal place of business in Decatur, Illinois. ARCHER DANIELS MIDLAND COMPANY may be served with process by serving its registered agent in the State of Texas, CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

### III.

### VENUE AND JURISDICTION

Venue is proper in Cameron County, Texas pursuant to Section 15.002 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because a substantial part of the events or omissions giving rise to the claim against Defendant Flores and the other Defendants occurred in Cameron County,

Texas. Defendant Flores and his co-conspirators helped the decedents cross into the United States in Cameron County, Texas, they hid them in Cameron County, Texas and they also loaded the decedents in the Union Pacific grain hopper in Cameron County, Texas. The Union Pacific Defendants were negligent in hiring, training and supervising Defendant Flores in Cameron County, Texas. All of these acts and/or omissions by the Defendants were a substantial part of the events which gave rise to Plaintiffs' claims and they all occurred in Cameron County, Texas. Furthermore, the misrepresentations that give rise to Plaintiffs' claims against Defendant Flores were made in Cameron County, Texas.

Venue is also proper in Cameron County, Texas pursuant to Section 15.002 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because at the time the cause of action accrued Defendant NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA resided in Harlingen, Cameron County, Texas.

Because venue is proper in Cameron County, Texas as to one or more Defendants, venue is also proper as to all other Defendants pursuant to Section 15.005 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

Plaintiffs seek damages under the common and statutory laws of the State of Texas and the amount in controversy exceeds the jurisdictional minimum of the Court. The Court has jurisdiction over the parties in this case because they conduct a substantial amount of business within the State of Texas.

## IV.

## FACTS

Defendants Flores and Trevino were members of a conspiracy to transport undocumented immigrants from Mexico to the United States. Defendant Flores was employed as a conductor by

Defendants Union Pacific Railroad Company and/or Union Pacific Corporation. Defendant Flores used information and his general authority granted to him by Union Pacific Railroad Company and/or Union Pacific Corporation to participate in the conspiracy.

On or about June 16, 2002, in Harlingen, Cameron County, Texas Defendants Flores and Trevino and their co-conspirators loaded OMAR ESPARZA CONTRERAS, JUAN ENRIQUE REYES MEZA, ROBERTO ESPARZA RICO, PEDRO AMADOR LOPEZ, ISIDRO AVLIA BUESO, ROSIBEL FERRUFINO, LELY ELIZABETH FERRUFINO, LESLY ESMERALDA FERRUFINO, DOMINGO ARDON SIBRIAN and BYRON ADNER ACEVEDO PEREZ (hereinafter, the "Decedents") onto a grain hopper railroad car and locked the entry door from the outside. Defendant Flores accepted a monetary fee from the Decedents in return for Defendant Flores' allowing Decedents to ride on the Union Pacific grain hopper. At all times, the subject railcar was owned, maintained, inspected and/or otherwise under the control of Defendants Union Pacific Railroad Company and Union Pacific Corporation.

Defendants Flores, Trevino and their co-conspirators promised Decedents that they would give them safe passage on the Union Pacific railcar to a location just beyond the Sarita, Texas Border Patrol checkpoint. They also assured Decedents that they would be let out of the railcar at some location beyond the Sarita, Texas Border Patrol checkpoint. Defendants Flores and Trevino negligently failed to let Decedents get out of the railcar after the train got past the Sarita, Texas Border Patrol checkpoint. Decedents were never let out of the Union Pacific railcar and they were unable to free themselves from the railcar. As a result, Decedents died a long, excruciating death because of lack of oxygen, dehydration and extreme overheating.

The railcar carrying Decedents traveled north through Texas and eventually stopped at a Union Pacific and/or AT & L Railroad location in Oklahoma. The railcar remained in the Union

14

Pacific and/or AT & L Railroad location in Oklahoma with Decedents still locked inside. While at this location, Defendants Union Pacific Corporation, Union Pacific Railroad Company and/or AT & L Railroad negligently failed to inspect the railcar and otherwise failed to discover that Decedents were still locked inside the railcar.

The railcar, with Decedents still locked inside, was then transported from the Union Pacific and/or AT & L Railroad location in Oklahoma to a grain facility in Denison, Iowa owned and operated by Defendant Archer Daniels Midland Company. While at this location, Defendants Union Pacific Corporation, Union Pacific Railroad Company and Archer Daniels negligently failed to inspect the railcar and otherwise failed to discover that Decedents were still locked inside the railcar. In October 2002, Defendant Archer Daniels decided that it needed several grain railcars for a large shipment of grain. The subject railcar was then opened by a worker at the grain elevator on or about October 14, 2002 to prepare the railcar for use. At that time, he discovered the remains of Decedents inside the grain hopper.

V.

## CIVIL CONSPIRACY

Defendants Flores and Trevino are liable to Plaintiffs because they were parties to a civil conspiracy that resulted in the deaths of Decedents. From the inception of the conspiracy, Defendants Flores and Trevino were aware of the harm likely to result from their wrongful conduct and/or the wrongful conduct of their co-conspirators. The civil conspiracy is derivative from the acts of negligence committed by Defendants Flores and Trevino and/or their co-conspirators, including but not limited to negligently failing to allow Decedents to get out of the Union Pacific railcar, and/or placing them in a railcar that they would be unable to open from the inside.

## VI.

## NEGLIGENCE OF DEFENDANTS FLORES AND TREVINO

Defendants Flores and Trevino are also liable to Plaintiffs because of their negligence. Each and every one of the following acts and omissions of these Defendants, among other acts and omissions, taken separately and collectively, constitute negligence and a direct and proximate cause of the deaths of Decedents and Plaintiffs' damages described herein:

a.    failing to let Decedents out of the Union Pacific railcar in a timely manner;

b.    loading Decedents onto a railcar that they would be unable to escape from;

c.    locking the subject railcar from the outside thereby making it impossible for Decedents to open the railcar and escape;

d.    failing to warn Decedents of their inability to unlock the subject railcar; and

e.    failing to inform the police, Border Patrol, Union Pacific or other authorities that Decedents were locked in the subject railcar.

## VII.

## LIABILITY OF UNION PACIFIC CORPORATION
## AND UNION PACIFIC RAILROAD COMPANY

Defendants Union Pacific Corporation and Union Pacific Railroad Company are vicariously liable to Plaintiffs for their damages because Defendant Flores' negligent acts and/or omissions were performed while in the course and scope of his employment as a conductor by Defendants Union Pacific Corporation and Union Pacific Railroad Company.

Defendants Union Pacific Corporation and Union Pacific Railroad Company are also directly liable to Plaintiffs for their own negligent acts and/or omissions. Each and every one of the following acts and omissions of Defendants Union Pacific Corporation and Union Pacific

Railroad Company, taken separately and collectively, constitute negligence and a direct and proximate cause of the deaths of Decedents and Plaintiffs' damages described herein:

    a.    failing to let Decedents out of the Union Pacific railcar;

    b.    failing to establish and/or enforce policies, procedures and/or safeguards to ensure that its employees would not load persons such as Decedents onto a railcar, particularly a railcar that they would be unable to escape from;

    c.    failing to establish and/or enforce security policies, procedures and/or safeguards to ensure that persons such as Decedents cannot be loaded onto a railcar;

    d.    negligently hiring Defendant Flores by failing to adequately check on his background;

    e.    negligently training or failing to train Defendant Flores to ensure that he does not load persons onto dangerous railcars;

    f.    negligently supervising or failing to supervise Defendant Flores so as to enforce its policies and/or procedures that are intended to prevent persons such as Decedents from being loaded onto a dangerous railcar such as the one at issue;

    g.    negligently supervising or failing to supervise Defendant Flores when they knew or should have known of Defendant Flores' tendencies or propensity to engage in the kind of conduct that led to the deaths of Decedents;

    h.    negligently retaining Defendant Flores when they knew or should have known of Defendant Flores' tendencies or propensity to engage in the kind of conduct that led to the deaths of Decedents; and

    i.    negligently entrusting the railcar to Defendant Flores when they knew or should have known when they knew or should have known of Defendant Flores'

17

tendencies or propensity to engage in the kind of conduct that led to the deaths of Decedents.

Defendants Union Pacific Corporation and Union Pacific Railroad Company are directly liable t o P laintiffs b ecause o f t he acts and/or omissions constituting negligence that are listed above, among others, because such negligence caused or contributed to cause the deaths of Decedents.

## VIII.

## **RESTATEMENT (SECOND) OF TORTS § 317**

Defendants Union Pacific Corporation and Union Pacific Railroad Company are also directly liable to Plaintiffs for the negligence committed by Defendant Flores p ursuant t o t he rules set out in Section 317 of the Restatement (Second) of Torts because Defendant Flores committed his acts and/or omissions of negligence on Union Pacific premises or with Union Pacific chattels.

## IX.

## **DAMAGES**

Plaintiff JUVENAL ESPARZA RICO, suing in his individual capacity, seeks to recover damages provided by law that consist of:

1.  past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that he, in reasonable probability, would have received from OMAR ESPARZA CONTRERAS had he lived;

2.  past and future loss of the father\son relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that he, in reasonable probability, would have received from OMAR ESPARZA CONTRERAS had he lived; and

3.     past and future mental anguish, grief, emotional pain, torment and suffering experienced by him because of the death of his son, OMAR ESPARZA CONTRERAS.

Plaintiff ARCELIA CONTRERAS ORTEGA, suing in her individual capacity, seeks to

recover damages provided by law that consist of:

1.     past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from OMAR ESPARZA CONTRERAS had he lived;

2.     past and future loss of the mother\son relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from OMAR ESPARZA CONTRERAS had he lived; and

3.     past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her son, OMAR ESPARZA CONTRERAS.

PLAINTIFFS JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA,

AS THE SOLE SURVIVING HEIRS OF THEIR SON, OMAR ESPARZA CONTRERAS, seek

to recover damages provided by law that consist of:

1.     conscious pain and suffering and mental anguish endured by OMAR ESPARZA CONTRERAS as a result of the lack of oxygen, dehydration and excessive heat that he endured by being locked in the subject railcar; and

2.     reasonable and customary charges for the funeral and burial of OMAR ESPARZA CONTRERAS.

Plaintiff MARIA INES MUNOZ BRIONES, suing in her individual capacity, seeks to

recover damages provided by law that consist of:

1.     past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from JUAN ENRIQUE REYES MEZA had he lived;

2.     past and future loss of the spousal relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from JUAN ENRIQUE REYES MEZA had he lived; and

3.     past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her husband, JUAN ENRIQUE REYES MEZA.

Plaintiff MARIA INES MUNOZ BRIONES, AS NEXT FRIEND OF HER MINOR CHILDREN, INGRI MARVELLA REYES MUNOZ AND CLARISA YAJAIRA REYES MUNOZ, seeks to recover damages provided by law that consist of:

1.     past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that they, in r easonable p robability, w ould h ave r eceived f rom JUAN ENRIQUE REYES MEZA had he lived;

2.     past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that they, in reasonable probability, would have received from JUAN ENRIQUE REYES MEZA had he lived; and

3.     past and future mental anguish, grief, emotional pain, torment and suffering experienced by them because of the death of their father, JUAN ENRIQUE REYES MEZA.

Plaintiff MARIA INES MUNOZ BRIONES, AS A SURVIVING HEIR OF HER HUSBAND, JUAN ENRIQUE REYES MEZA, seeks to recover damages provided by law that consist of:

1.     conscious p ain a nd s uffering a nd m ental anguish endured by JUAN ENRIQUE REYES MEZA as a result of the lack of oxygen, dehydration and excessive heat that he endured by being locked in the subject railcar; and

2.     reasonable and customary charges for the funeral and burial of JUAN ENRIQUE REYES MEZA.

Plaintiff JUAN ANTONIO REYES AGUILAR, suing in his individual capacity, seeks to recover damages provided by law that consist of:

1.    past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that he, in reasonable probability, would have received from JUAN ENRIQUE REYES MEZA had he lived;

2.    past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that he, in reasonable probability, would have received from JUAN ENRIQUE REYES MEZA had he lived; and

3.    past and future mental anguish, grief, emotional pain, torment and suffering experienced by him because of the death of his son, JUAN ENRIQUE REYES MEZA.

Plaintiff IRENE GODINEZ CARDONA, suing in her individual capacity, seeks to recover

damages provided by law that consist of:

1.    past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from ROBERTO ESPARZA RICO had he lived;

2.    past and future loss of the spousal relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from ROBERTO ESPARZA RICO had he lived; and

3.    past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her husband, ROBERTO ESPARZA RICO.

Plaintiff IRENE GODINEZ CARDONA, AS NEXT FRIEND OF HER MINOR SON,

ROBERTO ESPARZA GODINEZ, seeks to recover damages provided by law that consist of:

1.    past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that they, in reasonable probability, would have received from ROBERTO ESPARZA RICO had he lived;

2.    past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that they, in reasonable probability, would have received from ROBERTO ESPARZA RICO had he lived; and

3.  past and future mental anguish, grief, emotional pain, torment and suffering experienced by them because of the death of his father, ROBERTO ESPARZA RICO.

Plaintiff IRENE GODINEZ CARDONA, AS A SURVIVING HEIR OF HER HUSBAND, ROBERTO ESPARZA RICO, seeks to recover damages provided by law that consist of:

1.  conscious pain and suffering and mental anguish endured by ROBERTO ESPARZA RICO as a result of the lack of oxygen, dehydration and excessive heat that he endured by being locked in the subject railcar; and

2.  reasonable and customary charges for the funeral and burial of ROBERTO ESPARZA RICO.

Plaintiff CLEMENTINA SANCHEZ, suing in her individual capacity, seeks to recover damages provided by law that consist of:

1.  past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from PEDRO AMADOR LOPEZ had he lived;

2.  past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from PEDRO AMADOR LOPEZ had he lived; and

3.  past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her son, PEDRO AMADOR LOPEZ.

Plaintiff EVA CRISTINA SANCHEZ SIERRA, suing in her individual capacity, seeks to recover damages provided by law that consist of:

1.  past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from PEDRO AMADOR LOPEZ had he lived;

2.   past and future loss of the spousal relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from PEDRO AMADOR LOPEZ had he lived; and

3.   past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her husband, PEDRO AMADOR LOPEZ.

Plaintiff EVA CRISTINA SANCHEZ SIERRA, AS NEXT FRIEND OF HER MINOR CHILDREN, KARLA LIZETH AMADOR SANCHEZ, NANCY MARISOL AMADOR SANCHEZ, MARVIN ALEXANDER AMADOR SANCHEZ AND FRANCIS ESTEFANIA AMADOR SANCHEZ, seeks to recover damages provided by law that consist of:

1.   past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that they, in reasonable probability, would have received from PEDRO AMADOR LOPEZ had he lived;

2.   past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that they, in reasonable probability, would have received from PEDRO AMADOR LOPEZ had he lived; and

3.   past and future mental anguish, grief, emotional pain, torment and suffering experienced by them because of the death of his father, PEDRO AMADOR LOPEZ.

Plaintiff EVA CRISTINA SANCHEZ SIERRA, AS A SURVIVING HEIR OF HER HUSBAND, PEDRO AMADOR LOPEZ, seeks to recover damages provided by law that consist of:

1.   conscious pain and suffering and mental anguish endured by PEDRO AMADOR LOPEZ as a result of the lack of oxygen, dehydration and excessive heat that he endured by being locked in the subject railcar; and

2.   reasonable and customary charges for the funeral and burial of PEDRO AMADOR LOPEZ.

Plaintiff MANUEL DE JESUS DOBLADO AVILA, suing in his individual capacity, seeks to recover damages provided by law that consist of:

1.  past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that he, in reasonable probability, would have received from ISIDRO AVILA BUESO had he lived;

2.  past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that he, in reasonable probability, would have received from ISIDRO AVILA BUESO had he lived; and

3.  past and future mental anguish, grief, emotional pain, torment and suffering experienced by him because of the death of his son, ISIDRO AVILA BUESO.

Plaintiff DELMIRA SOLER DOBLADO, suing in her individual capacity, seeks to recover damages provided by law that consist of:

1.  past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from ISIDRO AVILA BUESO had he lived;

2.  past and future loss of the spousal relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from ISIDRO AVILA BUESO had he lived; and

3.  past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her husband, ISIDRO AVILA BUESO.

Plaintiff DELMIRA SOLER DOBLADO, AS NEXT FRIEND OF HER MINOR CHILDREN, NELIS AVILA SOLER, EVER AVILA SOLER AND ELMER ROBERTO AVILA SOLER, seeks to recover damages provided by law that consist of:

1.  past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that they, in reasonable probability, would have received from ISIDRO AVILA BUESO had he lived;

    2.       past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that they, in reasonable probability, would have received from ISIDRO AVILA BUESO had he lived; and

    3.       past and future mental anguish, grief, emotional pain, torment and suffering experienced by them because of the death of his father, ISIDRO AVILA BUESO.

Plaintiff DELMIRA SOLER DOBLADO, AS A SURVIVING HEIR OF HER HUSBAND, ISIDRO AVILA BUESO, seeks to recover damages provided by law that consist of:

    1.       conscious pain and suffering and mental anguish endured by ISIDRO AVILA BUESO as a result of the lack of oxygen, dehydration and excessive heat that he endured by being locked in the subject railcar; and

    2.       reasonable and customary charges for the funeral and burial of ISIDRO AVILA BUESO.

Plaintiff LUDIS YESENIA AVILA SOLER, suing in her individual capacity, seeks to recover damages provided by law that consist of:

    1.       past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from ISIDRO AVILA BUESO had he lived;

    2.       past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from ISIDRO AVILA BUESO had he lived; and

    3.       past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her father, ISIDRO AVILA BUESO.

Plaintiff OBDULIA FERRUFINO BURGOS, suing in her individual capacity, seeks to recover damages provided by law that consist of:

    1.       past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from ROSIBEL FERRUFINO AND LELY ELIZABETH FERRUFINO had they lived;

2.      past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from ROSIBEL FERRUFINO AND LELY ELIZABETH FERRUFINO had they lived; and

3.      past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her daughters, ROSIBEL FERRUFINO AND LELY ELIZABETH FERRUFINO.

Plaintiff OBDULIA FERRUFINO BURGOS, AS NEXT FRIEND OF HER MINOR GRANDCHILDREN, JONATHAN JOEL GUTIERREZ FERRUFINO, LELY AMPARO CANALES FERRUFINO AND IVY ROXANA CANALES FERRUFINO, seeks to recover damages provided by law that consist of:

1.      past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that they, in reasonable probability, would have received from LELY ELIZABETH FERRUFINO had she lived;

2.      past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that they, in reasonable probability, would have received from LELY ELIZABETH FERRUFINO had he lived; and

3.      past and future mental anguish, grief, emotional pain, torment and suffering experienced by them because of the death of their mother, LELY ELIZABETH FERRUFINO.

Plaintiff OBDULIA FERRUFINO BURGOS, AS NEXT FRIEND OF HER MINOR GRANDCHILDREN, OSCAR ALFREDO FERRUFINO, JAIRO MAURICIO FERRUFINO, KATHERINE NINOSKA CANALES FERRUFINO, JENNIFER GUADALUPE FERRUFINO AND ELMER NOE FERRUFINO, seeks to recover damages provided by law that consist of:

1.      past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that they, in reasonable probability, would have received from ROSIBEL FERRUFINO had she lived;

2.    past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that they, in reasonable probability, would have received from ROSIBEL FERRUFINO had he lived; and

3.    past and future mental anguish, grief, emotional pain, torment and suffering experienced by them because of the death of their mother, ROSIBEL FERRUFINO.

Plaintiff OBDULIA FERRUFINO BURGOS, AS A SURVIVING HEIR OF THE ESTATES OF HER DAUGHTERS, ROSIBEL FERRUFINO AND LELY ELIZABETH FERRUFINOM AND HER GRANDDAUGHTER, LESLY ESMERALDA FERRUFINO, seeks to recover damages provided by law that consist of:

1.    conscious pain and suffering and mental anguish endured by ROSIBEL FERRUFINO, LELY ELIZABETH FERRUFINOM AND LESLY ESMERALDA FERRUFINO as a result of the lack of oxygen, dehydration and excessive heat that they endured by being locked in the subject railcar; and

2.    reasonable and customary charges for the funeral and burial of ROSIBEL FERRUFINO, LELY ELIZABETH FERRUFINOM AND LESLY ESMERALDA FERRUFINO.

Plaintiff ROSA DELIA HERNANDEZ DE ARDON, suing in her individual capacity, seeks to recover damages provided by law that consist of:

1.    past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from ISIDRO AVILA BUESO had he lived;

2.    past and future loss of the spousal relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from ISIDRO AVILA BUESO had he lived; and

3.    past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her husband, ISIDRO AVILA BUESO.

Plaintiff ROSA DELIA HERNANDEZ DE ARDON, AS NEXT FRIEND OF HER

MINOR CHILDREN, HAROLD MAURICIO ARDON HERNANDEZ and MARELYN IVETTE

ARDON HERNANDEZ, seeks to recover damages provided by law that consist of:

1. past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that they, in reasonable probability, would have received from DOMINGO ARDON SIBRIAN had he lived;

2. past and future loss of the parent/child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that they, in reasonable probability, would have received from DOMINGO ARDON SIBRIAN had he lived; and

3. past and future mental anguish, grief, emotional pain, torment and suffering experienced by them because of the death of his father, DOMINGO ARDON SIBRIAN.

Plaintiff ROSA DELIA HERNANDEZ DE ARDON, AS A SURVIVING HEIR OF HER

HUSBAND, DOMINGO ARDON SIBRIAN, seeks to recover damages provided by law that

consist of:

1. conscious pain and suffering and mental anguish endured by DOMINGO ARDON SIBRIAN as a result of the lack of oxygen, dehydration and excessive heat that he endured by being locked in the subject railcar; and

2. reasonable and customary charges for the funeral and burial of DOMINGO ARDON SIBRIAN.

Plaintiff SIXTO ACEVEDO, suing in his individual capacity, seeks to recover damages

provided by law that consist of:

1. past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that he, in reasonable probability, would have received from BYRON ADNER ACEVEDO PEREZ had he lived;

2. past and future loss of the father\son relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort,

companionship, and society that he, in reasonable probability, would have received from BYRON ADNER ACEVEDO PEREZ had he lived; and

3.      past and future mental anguish, grief, emotional pain, torment and suffering experienced by him because of the death of his son, BYRON ADNER ACEVEDO PEREZ.

Plaintiff MARIA EMILIA PEREZ, suing in her individual capacity, seeks to recover

damages provided by law that consist of:

1.      past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from BYRON ADNER ACEVEDO PEREZ had he lived;

2.      past and future loss of the mother\son relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from BYRON ADNER ACEVEDO PEREZ had he lived; and

3.      past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her son, BYRON ADNER ACEVEDO PEREZ.

PLAINTIFFS SIXTO ACEVEDO AND MARIA EMILIA PEREZ, AS THE SOLE

SURVIVING HEIRS OF THEIR SON, BYRON ADNER ACEVEDO PEREZ, seek to recover

damages provided by law that consist of:

1.      conscious pain and suffering and mental anguish endured by BYRON ADNER ACEVEDO PEREZ as a result of the lack of oxygen, dehydration and excessive heat that he endured by being locked in the subject railcar; and

2.      reasonable and customary charges for the funeral and burial of BYRON ADNER ACEVEDO PEREZ.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that upon final trial, the

Court enter judgment in favor of Plaintiffs against Defendants as follows:

1.      Judgment for actual damages in an amount determined by the trier of fact;

2.      Judgment for punitive damages in an amount determined by the trier of fact;

3.    Judgment for pre- and post-judgment interest if, as, and when provided by law, and at the maximum rate allowed by law;

4.    For all costs of court incurred herein; and

5.    For such other and further relief to which Plaintiffs may be justly entitled.

Plaintiffs respectfully request a trial by jury.

Respectfully submitted,

**LAW OFFICES OF ALBERTO T. GARCIA III, P.C.**
500 W. Pecan Blvd.
McAllen, Texas 78501
Telephone: 956-971-0999
Telecopier: 956-971-0991


**ALBERTO T. GARCIA III**
State Bar No. 00787515        634701

**ATTORNEY FOR PLAINTIFFS**

30

companionship, and society that he, in reasonable probability, would have received from BYRON ADNER ACEVEDO PEREZ had he lived; and

3. past and future mental anguish, grief, emotional pain, torment and suffering experienced by him because of the death of his son, BYRON ADNER ACEVEDO PEREZ.

Plaintiff MARIA EMILIA PEREZ, suing in her individual capacity, seeks to recover damages provided by law that consist of:

1. past and future pecuniary losses for care, maintenance, support, services, advice, counsel, consortium and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from BYRON ADNER ACEVEDO PEREZ had he lived;

2. past and future loss of the mother\son relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that she, in reasonable probability, would have received from BYRON ADNER ACEVEDO PEREZ had he lived; and

3. past and future mental anguish, grief, emotional pain, torment and suffering experienced by her because of the death of her son, BYRON ADNER ACEVEDO PEREZ.

PLAINTIFFS SIXTO ACEVEDO AND MARIA EMILIA PEREZ, AS THE SOLE SURVIVING HEIRS OF THEIR SON, BYRON ADNER ACEVEDO PEREZ, seek to recover damages provided by law that consist of:

1. conscious pain and suffering and mental anguish endured by BYRON ADNER ACEVEDO PEREZ as a result of the lack of oxygen, dehydration and excessive heat that he endured by being locked in the subject railcar; and

2. reasonable and customary charges for the funeral and burial of BYRON ADNER ACEVEDO PEREZ.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that upon final trial, the Court enter judgment in favor of Plaintiffs against Defendants as follows:

1. Judgment for actual damages in an amount determined by the trier of fact;

2. Judgment for punitive damages in an amount determined by the trier of fact;

29

3.    Judgment for pre- and post-judgment interest if, as, and when provided by law, and at the maximum rate allowed by law;

4.    For all costs of court incurred herein; and

5.    For such other and further relief to which Plaintiffs may be justly entitled.

Plaintiffs respectfully request a trial by jury.

Respectfully submitted,

**LAW OFFICES OF ALBERTO T. GARCIA III, P.C.**
500 W. Pecan Blvd.
McAllen, Texas 78501
Telephone: 956-971-0999
Telecopier: 956-971-0991

**ALBERTO T. GARCIA III**
State Bar No. 00787515    634701

**ATTORNEY FOR PLAINTIFFS**

30