IN THE 138TH JUDICIAL DISTRICT COURT

IN AND FOR CAMERON COUNTY, TEXAS

| | |
|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS, *et al.*<br><br>    Plaintiffs,<br><br>V.<br><br>ARNULFO FLORES, JR., NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA, UNION PACIFIC CORPORATION, UNION PACIFIC RAILROAD COMPANY, A T & L RAILROAD COMPANY, INC., AND ARCHER DANIELS MIDLAND COMPANY,<br><br>    Defendants. | NO. 2004-06-002918-B |

FILED 11:40 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
JUN 25 2004 F-E2
DISTRICT COURT OF CAMERON COUNTY, TEXAS

## DEFENDANT A T & L RAILROAD COMPANY, INC.'S SPECIAL APPEARANCE AND, SUBJECT THERETO, PLEA IN ABATEMENT AND ORIGINAL ANSWER

A T & L RAILROAD COMPANY, INC. ("Defendant") files this Special Appearance under TEX. R. CIV. P. 120a and in support thereof would show as follows:

I.

This special appearance is made to the entire proceeding against Defendant.

## II.

This special appearance is filed prior to all other pleas, pleadings, or motions.

## III.

This Court does not have jurisdiction over Defendant because:

1. Defendant is a foreign corporation that is not registered to do business in Texas and is not required to maintain a registered agent for service in Texas.

2. Defendant does not do business within the State of Texas. It does not maintain a place of business in Texas; its does not own or lease tracks or real property in Texas; it does not advertise or have a telephone listing in Texas; it has not entered into any contracts in Texas; and it does not have any employees, servants, or agents in Texas.

3. Defendant did not own, lease or use the railcar in question, and Defendant has not committed any tort, in whole or in part, in Texas.

4. Defendant's only contact with the railcar in question was in the State of Oklahoma where it was stored at no charge with other railcars on Defendant's track in western Oklahoma without any knowledge of the railcar occupants.

5. Defendant had no connection to the railcar in question when it was in Mexico or Texas.

6. Any contacts between Defendant and Texas are incidental and insufficient to permit this Court to assume personal jurisdiction over Defendant in this matter.

**IV.**

The assumption of jurisdiction by the Court over Defendant would further offend traditional motions of fair play and substantial justice, depriving it of due process guaranteed by the Constitution of the United States and the Constitution of the State of Texas.

WHEREFORE, Defendant requests that this Motion be set for hearing on notice to Plaintiff, and after such hearing, this Motion be sustained and the entire proceeding against Defendant be dismissed for lack of jurisdiction.

## SUBJECT TO THE SPECIAL APPEARANCE, DEFENDANT'S PLEA IN ABATEMENT AND ORIGINAL ANSWER

Defendant, subject to its plea to the jurisdiction, presents the following Plea in Abatement and Original Answer:

**V.**
**Plea in Abatement**

Defendant submits that this entire action should be dismissed against Defendant because Defendant is not alleged to have committed any acts or omissions that violate the law. There are no allegations that Defendant violated any duty owed to the railcar occupant trespassers, that the railcar occupants were still alive when they trespassed on Defendant's tracks in western Oklahoma, or that Defendant proximately caused any injuries to the railcar occupants.

## VI.
## General Denial

Defendant enters a general denial under TEX. R. CIV. P. 92 to Plaintiffs' allegations.

## VII.
## Specific Denials and Affirmative Defenses

1. Plaintiffs are barred from recovery because their claims, if any, are derivative of the railcar occupants, and the railcar occupants' deaths were proximately caused by their own negligence by trespassing and unlawfully boarding the railcar in question. Alternatively, Plaintiffs' recovery, if any, is barred or should be reduced pursuant to TEX. CIV. PRAC. & REM. CODE §§ 33.001, *et seq*.

2. Plaintiffs are barred from recovery under the doctrine of unclean hands because their claims, if any, are derivative of the railcar occupants, and the railcar occupants had unclean hands by unlawfully trespassing and boarding the railcar in question.

3. Plaintiffs are barred from recovery because their claims, if any, are derivative of the railcar occupants, and the railcar occupants were trespassers who were not willfully injured or harmed by Defendant.

4. Plaintiffs are barred from recovery against Defendant because Defendant did not own, lease or use the railcar in question, and it had no connection to the railcar in question in Mexico or Texas.

5. Acts or omissions subsequent to the event in question constitute a new and independent cause of the injuries and damages claimed by Plaintiffs.

6.  The sole proximate cause of the injuries and damages claimed by Plaintiff are acts or omissions of third parties over whose acts or omissions Defendant has no control and for which Defendant has no responsibility.

7.  Defendants allege that under the facts and circumstances of this case, an award of punitive damages would violate substantive and procedural due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution in the following respects:

   A.  It is unconstitutional to allow a citizen to be punished upon the basis of a standard as vague and ill-defined as the common law concepts upon which punitive damages can be awarded.

   B.  It is unconstitutional to allow a citizen to be punished for any conduct when the citizen is unable to determine, prior to the hearing, what the standards used in assessing that punishment will be and where the jury has almost total and unbridled discretion in determining the amount of that punishment. The standards for assessing punitive damages in this case are unconstitutionally vague, and allow the jury to assess punitive damages based upon criteria wholly unrelated to Defendant's conduct and completely beyond the control of Defendant.

   C.  Because the award of punitive damages has quasi-criminal attributes, both as to rationale and effect, it is unconstitutional to award punitive damages based solely upon a mere preponderance of the evidence which may be provided by the slightest circumstantial evidence, coupled with speculation and innuendo.

D.  It is unconstitutional for a state to allow a private citizen with a profit motive to seek punishment of another citizen without the full protections of the Texas and United States Constitutions, including privilege against self-incrimination, and the right not to be placed in double jeopardy. Defendant alleges that the fiction that punishment in civil suits does not invoke the constitutional protections, whereas the same punishment in a criminal suit does, should be abandoned. In either event, the state is forcing Defendant to forfeit valuable property interests, and it matters not to Defendant whether he loses his property to the state or to a private litigant.

E.  It is unconstitutional to impose grossly excessive or arbitrary punishments on an alleged tortfeasor.

8.  In the alternative, an award of punitive damages, as sought by Plaintiffs under the facts and circumstances of this case, would violate the excessive fines, cruel and unusual punishment, and due process clauses of the Texas Constitution.

9.  Plaintiffs' right to recover punitive damages is limited in accordance with the provisions of §§ 41.001-.013, TEX. CIV. PRAC. & REM. CODE ANN.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by their suit, that Defendant be awarded its court costs, and that it be awarded such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: _____
Todd O. Lafferty
Texas Bar No. 00784431

P. O. Box 510
Watonga, OK 73772
(580) 623-7265
(580) 623-2343 FAX

ADAMS & GRAHAM, L.L.P.
  Tom Lockhart
  Texas Bar No. 12473500
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 FAX

ATTORNEYS FOR DEFENDANT
A T & L RAILROAD COMPANY, INC.

-7-