CAUSE NO. 2004-06-2918-B

| | | |
|---|---|---|
| JUVENAL ESPARZA RICO and ARCELIA CONTRERAS ORTEGA, Individually and As the Sole Surviving Heirs of the Estate of their Son, OMAR ESPARZA CONTRERAS; et al. | § § § § § § | IN THE DISTRICT COURT |
| VS. | § § | CAMERON COUNTY, TEXAS |
| ARNULFO FLORES, JR.; NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA; UNION PACIFIC CORPORATION; UNION PACIFIC RAILROAD COMPANY, A T & L RAILROAD COMPANY, INC.; and ARCHER DANIELS MIDLAND COMPANY | § § § § § § § § § | 138th JUDICIAL DISTRICT |

FILED 2:00 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK
JUL 2 - 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

### DEFENDANTS' MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW UNION PACIFIC RAILROAD COMPANY and UNION PACIFIC CORPORATION, Defendants in the above entitled and numbered cause, and, prior to filing their Original Answer and Jury Demand in this cause, file this Motion to Transfer Venue, pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code and Rule 86 of the Texas Rules of Civil Procedure, and in support thereof would show the Court as follows:

### MOTION TO TRANSFER VENUE

I.

Defendants object to venue in Cameron County, Texas, on the ground that said county is not a county where venue of this action is proper, and no basis exists mandating or permitting venue of the action in said county. Cameron County is not a county of proper venue because Defendants neither reside in nor have a principal office in Cameron County, the cause of action did not accrue in Cameron County, and no

mandatory or permissive exception authorizes the maintenance of the action against Defendants in Cameron County.

II.

Defendants would further show the Court that Defendants are foreign corporations, with their principal offices in Nebraska. The venue provision of Tex. Civ. Prac. & Rem. Code §15.002 state that all lawsuits shall be brought:

(1) In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or

(2) In the county of Defendants' residence at the time the cause of action accrued if Defendants is a natural person; or

(3) In the county of the Defendants' principal office in this state, if the Defendants is not a natural person; or

(4) If (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

III.

Defendants specifically deny that "venue is proper in Cameron County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to the claim against Defendant Flores and the other Defendants occurred in Cameron County, Texas" as alleged in Plaintiffs' Original Petition. Defendants specifically deny that "Defendant Flores and his co-conspirators helped the decedents cross into the United States in Cameron County, Texas, they hid them in Cameron County, Texas and they also loaded the decedents in the Union Pacific grain hopper in Cameron County, Texas" as alleged in Plaintiffs' Original Petition. Defendants specifically deny that "the Union Pacific Defendants were negligent in hiring, training and supervising Defendant Flores in Cameron County, Texas" as alleged in Plaintiffs' Original Petition. Defendants specifically deny that "all of these acts and/or omissions by the Defendants were a substantial part of the events which gave rise to Plaintiffs' claims and they all occurred

in Cameron County, Texas" as alleged in Plaintiffs' Original Petition. Defendants specifically deny that "the misrepresentations that give rise to Plaintiffs' claims against Defendant Flores were made in Cameron County, Texas" as alleged in Plaintiffs' Original Petition. Defendants specifically deny that "venue is also proper in Cameron County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because at the time the cause of action accrued Defendant Norma Arriaga Trevino a/k/a Norma Bocanegra resided in Harlingen, Cameron County, Texas" as alleged in Plaintiffs' Original Petition. Defendants specifically deny that "because venue is proper in Cameron County, Texas as to one or more Defendants, venue is also proper as to all other Defendants pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code" as alleged in Plaintiffs' Original Petition. Defendants further deny that they either resided in or had a principal office in Cameron County as that term is defined by Tex. Civ. Prac. & Rem. Code §15.001, at the time this action was instituted or at any time relevant to this cause of action. Defendants also specifically deny that the events giving rise to the claims alleged in Plaintiffs' Original Petition occurred in Cameron County, Texas.

IV.

Defendants further aver that venue is proper in Harris County, Texas, in that it is the county where Defendant Union Pacific Railroad Company has a principal office in this state solely for purposes of venue under Texas law.

V.

Defendants request that this action be transferred to a district court of Harris County, Texas.

WHEREFORE, Defendants request that this Court grant Defendants' motion to transfer venue and transfer such cause to Harris County, taxing costs incurred herein against Plaintiffs; and that Defendants have such other and further relief to which they may show themselves justly entitled to receive.

## ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE

COME NOW UNION PACIFIC RAILROAD COMPANY and UNION PACIFIC CORPORATION, Defendants in the above entitled and numbered cause, and, subject to and without waiving their Motion to Transfer Venue previously filed herein, file this Original Answer and Jury Demand in response to Plaintiffs' Original Petition, and in support thereof, would show the Court as follows:

### VI.

### GENERAL DENIAL

Defendants herein avail themselves of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendants deny each and every, all and singular, the material allegations contained in Plaintiffs' live pleading, and state that these are matters that should be proven by Plaintiffs as required by law; and Defendants would require strict proof thereof.

### VII.

### AFFIRMATIVE DEFENSES

7.01   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the matters complained of by Plaintiffs were caused or contributed to, in whole or in part, by the Plaintiffs' and/or Plaintiffs' decedents' own negligence and/or comparative responsibility.

7.02   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the matters complained of by the Plaintiffs, which are expressly denied, were proximately caused solely by the negligence, acts, omissions and/or conduct of persons, companies, entities and/or instrumentalities outside of the control of Defendants, and for which acts Defendants are not in law responsible and such acts represent a new, independent, intervening, superseding, and/or sole

proximate cause of the occurrences in question and the alleged damages of the Plaintiffs, if any.

7.03   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts, omissions, and/or conduct of persons, companies, entities and/or instrumentalities other than Defendants, over which Defendants had no control, was the sole proximate cause of the Plaintiffs' and/or Plaintiffs' decedents' alleged injuries.

7.04   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendants are not responsible.

7.05   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

7.06   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

7.07   For further answer, if such be necessary, and pleading in the alternative, Defendants allege that this case is governed by the 1995 Tort Reform Amendments and 2003's HB4. As a consequence:

a.   Plaintiffs may not recover any amount of damages if their percentage of responsibility (or that of their decedent) is greater than fifty percent (50%), regardless of the theory of recovery pled. Tex.Civ.Prac. & Rem. Code §33.001.

b.   Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Defendants acted with malice, which Defendants

deny. Tex.Civ.Prac. & Rem. Code §41.003. Defendants further request that the jury be instructed as required by Tex.Civ.Prac. & Rem. Code §41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Defendants deny.

   c.   In the unlikely event of any exemplary damage award, Defendants further invoke the provisions of Tex.Civ.Prac. & Rem. Code §41.008 limiting any award of exemplary damages to either $200,00.00 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.00.

   7.08   For further answer, if such be necessary, Defendants further invoke the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendants allege that the negligence of Plaintiffs' and/or Plaintiffs' decedent is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendants.

   7.09   For further answer, if such be necessary, and pleading in the alternative, Defendants further invoke the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by Plaintiffs in this cause.

   7.10   For further answer, if such be necessary, and pleading in the alternative, Defendants further reserve the right to elect that the appropriate percentages of the Plaintiffs' alleged injuries and damages be allocated among those parties whose conduct caused the matters complained of by the Plaintiffs. Defendants specifically reserve the right to elect to submit to the jury issues of comparative causation and/or comparative negligence and/or comparative responsibility against any settling or non-settling entity as to Plaintiffs in this or other suits, as applicable, pursuant to the doctrines or methods provided in <u>Duncan v. Cessna Aircraft</u>, and/or Chapter 32 and/or 33 of the Texas Civil

Practice & Remedies Code (as amended and/or repealed), and/or Art. 2212 and/or 2212a, Texas Revised Civil Statutes.

7.11   For further answer, if such be necessary, and pleading in the alternative, Defendants specifically assert their rights to an appropriate credit, offset and/or reduction in any liability, which is expressly denied, in the event of a settlement by any person, in accordance with the Texas Civil Practice and Remedies Code.

7.12   For further answer, if such be necessary, and pleading in the alternative, in the event that Defendants are found liable to Plaintiffs, which is highly unlikely and would be manifestly unfair, Defendants reserve their right to elect either a pro rata reduction or to take a credit or offset against any judgment against them for any and all sums Plaintiffs has received or may hereafter receive in settlement from any party, person or entity, and/or in the alternative assert their right to elect a proportionate reduction of any damages found against them based upon the percentage of negligence, causation, responsibility, or fault attributable to any settling tortfeasor, pursuant to the doctrines or methods provided in <u>Duncan v. Cessna Aircraft</u>, and/or Chapter 32 and/or 33 of the Texas Civil Practice and Remedies Code (as amended and/or repealed), and/or Article 2212 and/or 2212a, Texas Revised Civil Statutes.

7.13   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are barred from recovery according to Chapter 33.001 of the Texas Civil Practice & Remedies Code.

7.14   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of the alleged injuries and damages as required by law.

7.15   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred because their claims, if any, are derivative of the railcar occupants, whose deaths were proximately

caused by their own negligence by trespassing and unlawfully boarding the railcar in question.

7.16 For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred by the doctrine of unclean hands because their claims, if any, are derivative of the railcar occupants, who had unclean hands by unlawfully trespassing and boarding the railcar in question.

7.17 For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred because their claims, if any, are derivative of the railcar occupants, who were trespassers who were not willfully injured or harmed by Defendants.

7.18 For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the claims of Plaintiffs for punitive damages against Defendants cannot be sustained to the extent the damages sought are not subject to a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose. Such an unrestricted award would violate Defendants' due process right guaranteed by the Fourteenth Amendment to the United State Constitution and by the due process provisions of the Texas Constitution and would be improper under the common law and public policies of the State of Texas.

7.19 For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that any award of punitive damages based on anything other than Defendants' conduct as alleged in Plaintiffs' pleadings upon which they go to trial would violate the Due Process Clause of the Fourteenth Amendment of the United State Constitution and the due process provision of the Texas Constitution and would be improper under the common law and public policies of the State of Texas, because any other basis for awarding punitive damages in this case would not protect Defendants against impermissible multiple punishment for the same wrong.

7.20   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the claims of Plaintiffs for punitive damages against Defendants cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of the punitive damages aware, (2) is not adequately instructed on the limits of punitive damages imposed by applicable standards of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of Defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United State Constitution and the due process and equal protection provisions of the Texas Constitution, and would be improper under the common law and the public policies of the State of Texas.

7.21   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that imposition of punitive or exemplary damages in this cause violates the Sixth Amendment of the United State Constitution since Defendant is not afforded the protection from being informed of the nature and cause of the accusation against it and hence the allegations are void for vagueness.

7.22   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that punitive or exemplary damages are penal in nature that any punitive or exemplary damages awarded in this case must be based upon clear and convincing evidence rather than a mere preponderance of the evidence.

7.23  For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims of punitive damages assert a liability which is criminal in nature, entitling Defendants to protection of the Fourth, Fifth, Sixth and Eighth Amendments of the Constitution of the United State of American. Specifically, for Defendants to receive due process in such claims, Plaintiffs' proof must be beyond a reasonable doubt, and Defendants' liability must be tried by an unanimous jury.

7.24  For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that punitive or exemplary damages be limited as prescribed by § 41 of the Texas Civil Practice & Remedies Code.

7.25  For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively deny that they are liable for exemplary damages and rely on the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

7.26  For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law is vague and standardless as to whether and how much to punish a defendant, and is likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

7.27  For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United State Constitution and the Texas Constitution, including but not limited to the following provisions:

(a) <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b) <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c) <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d) <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

7.28 For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and *State Farm v. Campbell*, 123 S.Ct. 1513 (2003), the due process and excessive fines clauses of the United States and Texas Constitutions.

## VIII.

## JURY DEMAND SUBJECT TO MOTION TO TRANSFER VENUE

Subject to and without waiving their Motion to Transfer Venue previously filed herein, Defendants hereby request a trial by jury and tender the jury fee herewith.

WHEREFORE, Defendants pray that upon final trial and hearing hereof:

(1) That Plaintiffs take nothing by this cause of action as against Defendants;

(2) That Defendants recover their costs in this matter; and

(3) That Defendants be granted such other and further relief, both general and special, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____Mitchell Chaney_____
      Mitchell C. Chaney w/ permission   MC/srt3us
State Bar No. 04107500
      Joseph A. "Tony" Rodriguez  SBOT 04631400
State Bar No. 17146600
      R. Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

**ATTORNEYS FOR DEFENDANTS,
UNION PACIFIC RAILROAD COMPANY
AND UNION PACIFIC CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Motion to Transfer Venue, and Subject Thereto, Original Answer and Jury Demand was served upon all counsel of record, to-wit:

>Alberto T. Garcia III
>Law Offices of Alberto T. Garcia III, P.C.
>500 West Pecan Boulevard
>McAllen, Texas 78501
>Attorneys for Plaintiffs
>
>Todd O. Lafferty
>P. O. Box 510
>Watonga, Oklahoma 73772
>Attorneys for Defendant A T & L Railroad Company, Inc.
>
>Tom Lockhart
>Adams & Graham, LLP
>Post Office Drawer 1429
>Harlingen, Texas 78551-1429
>Attorneys for Defendant A T & L Railroad Company, Inc.

by certified mail, return receipt requested, and by facsimile and/or regular mail on all counsel listed on the attached service list, on this the 2nd day of July, 2004.

_____
Mitchell C. Chaney