IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 9 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; MARIA INES MUNOZ BRIONES, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN, INGRI MARVELLA REYES MUNOZ AND CLARISA YAJAIRA REYES MUNOZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, JUAN ENRIQUE REYES MEZA; JUAN ANTONIO REYES AGUILAR, INDIVIDUALLY; IRENE GODINEZ CARDONA, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR SON, ROBERTO ESPARZA GODINEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, ROBERTO ESPARZA RICO; CLEMENTINA SANCHEZ, INDIVIDUALLY; EVA CRISTINA SANCHEZ SIERRA, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN, KARLA LIZETH AMADOR SANCHEZ, NANCY MARISOL AMADOR SANCHEZ, MARVIN ALEXANDER AMADOR SANCHEZ AND FRANCIS ESTEFANIA AMADOR SANCHEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, PEDRO AMADOR LOPEZ; MANUEL DE JESUS DOBLADO AVILA, INDIVIDUALLY; DELMIRA SOLER DOBLADO, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN NELIS AVILA SOLER, EVER AVILA SOLER, AND ELMER ROBERTO AVILA SOLER, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND ISIDRO AVILA BUESO; LUDIS YESENIA AVILA SOLER, INDIVIDUALLY; OBDULIA FERRUFINO BURGOS; INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR GRANDCHILDREN JONATHAN JOEL GUTIERREZ FERRUFINO, | CIVIL ACTION NO. B-04-117 |

| | |
|---|---|
| LELY AMPARO CANALES FERRUFINO, IVY ROXANA CANALES FERRUFINO, OSCAR ALFREDO FERRUFINO, JAIRO MAURICIO FERRUFINO, KATHERINE NINOSKA CANALES FERRUFINO, JENNIFER GUADALUPE FERRUFINO, AND ELMER NOE FERRUFINO, AND AS A SURVIVING HEIR OF THE ESTATES OF HER DAUGHTERS, ROSIBEL FERRUFINO AND LELY ELIZABETH FERRUFINO, AND HER GRANDDAUGHTER LESLY ESMERALDA FERRUFINO; ROSA DELIA HERNANDEZ DE ARDON, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN HAROLD MAURICIO ARDON HERNANDEZ, MARELYN IVETTE ARDON HERNANDEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, DOMINGO ARDON SIBRIAN; SIXTO ACEVEDO AND MARIA EMILIA PEREZ, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, BYRON ADNER ACEVEDO PEREZ | § § § § § § § § § § § § § § § § § § § § § § § § § § |
| VS. | § § |
| ARNULFO FLORES, JR., NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA, UNION PACIFIC CORPORATION, UNION PACIFIC RAILROAD COMPANY, A T & L RAILROAD COMPANY, INC. AND ARCHER DANIELS MIDLAND COMPANY<br>    Defendants | § § § § § § § |

## PLAINTIFFS' OPPOSED MOTION FOR REMAND

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW PLAINTIFFS JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS

2

OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; MARIA INES MUNOZ BRIONES, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN, INGRI MARVELLA REYES MUNOZ AND CLARISA YAJAIRA REYES MUNOZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, JUAN ENRIQUE REYES MEZA; JUAN ANTONIO REYES AGUILAR, INDIVIDUALLY; IRENE GODINEZ CARDONA, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR SON, ROBERTO ESPARZA GODINEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, ROBERTO ESPARZA RICO, CLEMENTINA SANCHEZ, INDIVIDUALLY; EVA CRISTINA SANCHEZ SIERRA, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN, KARLA LIZETH AMADOR SANCHEZ, NANCY MARISOL AMADOR SANCHEZ, MARVIN ALEXANDER AMADOR SANCHEZ AND FRANCIS ESTEFANIA AMADOR SANCHEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, PEDRO AMADOR LOPEZ; MANUEL DE JESUS DOBLADO AVILA, INDIVIDUALLY; DELMIRA SOLER DOBLADO, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN NELIS AVILA SOLER, EVER AVILA SOLER, AND ELMER ROBERTO AVILA SOLER, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND ISIDRO AVILA BUESO; LUDIS YESENIA AVILA SOLER, INDIVIDUALLY; OBDULIA FERRUFINO BURGOS, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR GRANDCHILDREN JONATHAN JOEL GUTIERREZ FERRUFINO, LELY AMPARO CANALES

FERRUFINO, IVY ROXANA CANALES FERRUFINO, OSCAR ALFREDO FERRUFINO, JAIRO MAURICIO FERRUFINO, KATHERINE NINOSKA CANALES FERRUFINO, JENNIFER GUADALUPE FERRUFINO, AND ELMER NOE FERRUFINO, AND AS A SURVIVING HEIR OF THE ESTATES OF HER DAUGHTERS, ROSIBEL FERRUFINO AND LELY ELIZABETH FERRUFINO AND HER GRANDDAUGHTER LESLY ESMERALDA FERRUFINO, ROSA DELIA HERNANDEZ DE ARDON, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN HAROLD MAURICIO ARDON HERNANDEZ, MARELYN IVETTE ARDON HERNANDEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, DOMINGO ARDON SIBRIAN; SIXTO ACEVEDO AND MARIA EMILIA PEREZ, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, BYRON ADNER ACEVEDO PEREZ and file this their Opposed Motion to Remand and would show the Court as follows:

## I.

## BACKGROUND

This negligence case arises from the wrongful deaths of eleven persons who were trapped in a Union Pacific grain hopper for four months. Plaintiffs sued Union Pacific, its employee Arnulfo Flores, Jr., and others for negligence that caused the deaths of ten of the eleven. In June 2002 Defendant Flores was working as a conductor for Union Pacific when he loaded the Decedents onto a Union Pacific grain hopper and later failed to let them out. The Decedents remained trapped in the grain hopper for four months until their

unrecognizable remains were found in Denison, Iowa in October 2002. The Iowa medical examiner determined that they all died from lack of oxygen, extreme overheating and dehydration.

Plaintiffs filed a wrongful death lawsuit in a Cameron County District Court on June 3, 2004. On July 9 Union Pacific removed this case to this Honorable Court on the basis of diversity jurisdiction even though the Texas residency of Defendants Flores and Trevino defeats diversity jurisdiction. In support of removal, Union Pacific argues that Defendants Flores and Trevino were fraudulently joined because the "unlawful acts rule" makes it impossible for Plaintiffs to recover from Defendants Flores and Trevino. As shown herein, the unlawful acts rule in inapplicable to wrongful death cases and Plaintiffs have a reasonable possibility of recovering against Defendants Flores and Trevino for negligence. Therefore, joinder was proper, diversity jurisdiction is defeated and this Court should remand this case back to the Cameron County District Court.

## II.

## PLAINTIFFS' REQUEST FOR RELIEF

Plaintiffs seek a remand of this case to the Texas district court because:

1. Defendants Flores and Trevino did not consent to removal within 30 days of the date on which the first defendant was served;

2. The unlawful acts rule is inapplicable to wrongful death cases so Union Pacific failed to prove that Plaintiffs have no possibility of recovering against Defendants Flores and Trevino; and

3. The unlawful acts rule is further inapplicable because Plaintiffs do not have to prove any alleged illegal act on the part of Decedents to prove the elements of their negligence cause of action against Defendants Flores and Trevino.

5

Any one of these grounds provides a sufficient basis for remand and warrants the granting of Plaintiffs' motion. In support of this motion, Plaintiffs hereby attach and incorporate herein by reference the following:

1. Original Answer of Defendant Arnulfo Flores, Jr. [Exhibit 1]; and

2. Original Answer of Defendant Norma Arriaga a/k/a Norma Bocanegra [Exhibit 2];

## III.

## REMOVAL DEFECTIVE BECAUSE ALL DEFENDANTS DID NOT CONSENT

A defendant must file a notice of removal within 30 days of the date the defendant receives the citation or summons and a copy of the initial pleading. 28 U.S.C. § 1446(b). Defendant Archer Daniels Midland Company, Inc. was served on June 10, 2004 and was the first defendant served with process. *Notice of Removal,* ¶ 2. Thus the 30-day deadline in which to file a notice of removal and obtain consent for removal from all defendants was July 10, 2004. Although Defendants Flores and Trevino have been served and both filed answers, neither has consented to removal. *Exhibits 1, 2.*

In cases involving multiple defendants, all defendants who are properly joined and served must join in the removal petition and the failure to do so renders the removal petition defective. ***Getty Oil Corp. v. Ins. Co. of North America***, 841 F.2d 1254, 1262 (5th Cir. 1988). All served defendants must join in the removal petition no later than 30 days from the day on which the first defendant was served. *Id.*, at 1263.

It is undisputed that Defendants Flores and Trevino did not consent to removal. Therefore, Union Pacific's removal is defective and untimely and this Court should remand this case to the Texas District Court.

## IV.

### "NO LOCAL DEFENDANT" RULE PRECLUDES REMOVAL

Union Pacific removed this case on the basis of diversity jurisdiction. Even where there is complete diversity, a case cannot be removed when a properly joined defendant is a citizen of the State in which the action was brought. 28 U.S.C. § 1441(b); ***Hurt v. Dow Chem. Co.***, 963 F.2d 1142, 1145 (8th Cir. 1992). This is known as the "no local defendant" rule. Because Defendants Flores and Trevino were properly joined and they are both citizens and residents of Texas, removal is not proper due to the "no local defendant" rule.

## V.

### UNION PACIFIC FAILED TO PROVE THAT FLORES AND TREVINO WERE FRAUDULENTLY JOINED

To avoid the "no local defendant" rule, Union Pacific asserts that Defendants Flores and Trevino were fraudulently joined because the "unlawful acts rule" makes it impossible for Plaintiffs to recover from them. Union Pacific's claims of fraudulent joinder should be rejected because (1) the "unlawful acts rule" is not applicable in wrongful death actions and (2) even if the "unlawful acts rule" is implicated, it is not applicable here because Plaintiffs can prove their case of negligence against Defendants Flores and Trevino without having to prove any alleged illegal act on the part of Decedents.

The removing party must prove that a defendant has been fraudulently joined to defeat diversity either by showing that "1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts or 2) there is no possibility that the plaintiff will be able to establish a cause of action against [the] non-diverse defendant[ ] in state court." *Prather v. Utiliquest, L.L.C.*, 313 F.Supp.2d 666, 669 (S. D. Tex. 2004) (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995)). Union Pacific does not allege the first standard so this case involves the latter one.

If, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, there is no possibility that the state court would recognize a valid cause of action against the defendant, then that defendant has been fraudulently joined and must be ignored for purposes of diversity jurisdiction. *Prather*, 313 F.Supp.2d at 669; *Burden*, 60 F.3d at 217-18. A claim of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence. *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990); *Up-North Plastics, Inc. v. AIG Ins. Co.*, 2004 WL 1418792 (N.D. Tex. June 23, 2004). The Court construes removal restrictively so as to limit federal subject matter jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), *aff'd*, 503 U.S. 131 (1992); *Zaini v. Shell Oil Co.*, 853 F. Supp. 960, 965 (S.D. Tex. 1994).

1.   **The "unlawful acts rule" does not apply to wrongful death actions.**

This is a wrongful death action. In civil actions for wrongful death, the effect of a plaintiff's illegal act on his recovery is governed solely by Section 93.001(a)(1) of the

Texas Civil and Practice Remedies Code. Section 93.001(a)(1) states that "[i]t is an affirmative defense to a civil action for damages for personal injury or death that the plaintiff, at the time the cause of action arose, was committing a felony, for which the plaintiff has been finally convicted, that was the sole cause of the damages sustained by the plaintiff." TEX. CIV. PRAC. & REM. CODE § 93.001(a) (Vernon 1997). The statute also states that "[i]n an action to which this section applies, this section shall prevail over any other law." *Id.*, § 93.001(c). Thus, the Texas Legislature made clear that in wrongful death actions Section 93.001(a) shall prevail over the "unlawful acts rule" or any other law. At a minimum, this Court must resolve in Plaintiffs' favor any ambiguities in Texas law regarding whether Section 93.001(a) controls over the "unlawful acts rule" in wrongful death actions. ***Prather***, 313 F.Supp.2d at 669; ***Burden***, 60 F.3d at 217-18.

As made clear by Section 93.001(c) the "unlawful acts rule" does not apply to this wrongful death action so Union Pacific's removal must fail. Union Pacific has not alleged that Section 93.001(a)(1) bars Plaintiffs' recovery against Defendants Flores and Trevino. But if it had so alleged, that argument also fails because Union Pacific has offered no evidence that Decedents (1) were charged with and convicted of a felony and (2) the felonious acts were the sole cause of Plaintiffs' damages. Thus, this Court must conclude that Union Pacific failed to discharge its burden to prove by clear and convincing evidence that Plaintiffs have no possibility of recovering from Defendants Flores and Trevino because of any alleged illegal acts of Decedents.

That the "unlawful acts rule" does not apply in this wrongful death case is further

9

supported by the fact that it has not been applied in any reported Texas case involving claims for wrongful death. Union Pacific cites to *Gulf, C. & S.F. Ry. v. Johnson*, 71 Tex. 619, 621-2, 9 S.W. 602, 603 (1888) and *Ward v. Emmett*, 37 S.W.3d 500, 502 (Tex. App.—San Antonio 2001, no pet.) for the argument that the "unlawful acts rule" bars Plaintiffs from recovering against Defendants Flores and Trevino. Both cases are distinguishable because neither case involved claims for wrongful death. *Gulf* involved a claim for damage to property and *Ward* involved a woman trying to collect on her mother's life insurance policy even though she had murdered her mother. Interestingly, Union Pacific failed to state in its Notice of Removal that the *Gulf* court found that the "unlawful acts rule" did not preclude recovery in that case. This ruling illustrates that the "unlawful acts rule" does not automatically bar recovery whenever an illegal act is involved, as Union Pacific suggests

2.   **Even if the "unlawful acts rule" is implicated, it is not applicable here.**

Even if the Court concludes that Union Pacific proved by clear and convincing evidence that the "unlawful acts rule" is implicated in this case, Union Pacific failed to prove that it bars Plaintiffs' claims of negligence against Defendants Flores and Trevino. In the *Gulf* case cited by Union Pacific, the Texas Supreme Court stated that "if the plaintiff's act did not contribute to the injury, the fact alone that at the time he was engaged in an act in violation of law will not of itself preclude a recovery." *Gulf, C. & S.F. Ry. v. Johnson*, 71 Tex. at 622. Later cases interpreting the "unlawful acts rule" explain that no action may be **predicated** upon an **admittedly** unlawful act of the party asserting it. *Macias v.*

*Moreno*, 30 S.W.3d 28-29 (Tex. App.—El Paso 2000, pet. denied). Furthermore, "if a party can show a complete cause of action without being obliged to prove their own illegal act, although the illegal act may appear incidentally and may be important in explanation of other facts of the case, they may recover." *Id.*, at 29.

In their current petition, Plaintiffs sued Defendants Flores and Trevino for negligence in failing to timely let Decedents out of the railcar, loading them in a railcar that they would be unable to escape from, locking the railcar from the outside, failing to warn Decedents of their inability to unlock the railcar and failing to inform others that Decedents were in the locked railcar and in danger. *Plaintiffs' First Amended Original Petition, pp. 15-16*. To prevail on a claim for negligence, Texas law requires a finding of three elements: (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. ***D. Houston, Inc. v. Love***, 92 S.W.3d 450, 454 (Tex. 2002).

Although there are no Texas reported cases where the "unlawful acts rule" was applied in a wrongful death case, the *Macias* case cited above is illustrative here because it also involved claims for negligence. In that case, Freddy Moreno sued his attorney Francisco Macias for negligence after Moreno was forced to spend three weeks in jail for missing a court hearing in the criminal matter in which Macias was representing him. *Id.*, at 29. In his defense, Macias claimed that Moreno's failure to appear at the court hearing was illegal and thus the unlawful acts rule barred his recovery in the malpractice case. *Id.*, at 28. The El Paso Court of Appeals rejected Macias' argument because there was no

11

evidence that Moreno "admittedly" violated the law and he was never charged with doing so. *Id.*, at 29. Furthermore, the Court held that the unlawful acts rule did not apply because to prove his negligence claim, "Moreno was not required to prove his own alleged illegal act to recover." *Id.*

The same reasons that justify the rejection of the unlawful acts rule in *Macias* exist in this case. First, Union Pacific presented no evidence to the Court that Decedents **admitted** to violating the law or that they were charged with a crime. Second, Plaintiffs do not have to prove any illegal act on the part of Decedents to prove their negligence claims against Defendants Flores and Trevino. Plaintiffs can clearly establish each element of a negligence cause of action against Defendants Flores and Trevino without being obliged to prove any alleged illegal act on the part of Decedents. Union Pacific therefore cannot establish by clear and convincing evidence that it is impossible for Plaintiffs to recover from Defendants Flores and Trevino. Furthermore, any ambiguities in the facts regarding whether Decedents' acts were illegal, whether any illegal acts contributed to their demise and whether the unlawful acts rule applies to this case, must be resolved in Plaintiffs' favor. *Prather*, 313 F.Supp.2d at 669; *Burden*, 60 F.3d at 217-18.. By doing so, this Court must conclude that Plaintiffs have a possibility of recovering against Defendants Flores and Trevino for negligence. Construing removal restrictively so as to limit federal subject matter jurisdiction, the Court must remand this case to the Texas district court where it initiated.

## VI.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully pray that their Motion to Remand be GRANTED, that this case be remanded to the 138th District Court of Cameron County, Texas, and for all other and further relief, either at law or in equity, to which PLAINTIFFS may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF ALBERTO T. GARCIA III P.C.**
500 W. Pecan Blvd.
McAllen, Texas  78501
Telephone:  956-971-0999
Fax:  956-971-0991

_____
**ALBERTO T. GARCIA III**
Texas State Bar No. 00787515
Southern District of Texas Bar No. 19679

**ATTORNEY IN CHARGE FOR PLAINTIFFS,
OTHER THAN THOSE CLAIMING THROUGH
DECEDENTS OMAR ESPARZA CONTRERAS
AND ROBERTO ESPARZA RICO**

**THE AMMONS LAW FIRM, L.L.P.**
3700 Montrose Boulevard
Houston, Texas  77006
Telephone:  713-523-1606
Fax:  713-523-4159

_____  w/permission by
**ROBERT E. AMMONS**
Texas State Bar No. 01159820
Southern District of Texas Bar No. 11742

**ATTORNEY IN CHARGE FOR PLAINTIFFS
CLAIMING THROUGH DECEDENTS OMAR
ESPARZA CONTRERAS AND ROBERTO
ESPARZA RICO**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he conferred with Mr. Tony Rodriguez of Rodriguez Colvin, Chaney & Saenz, L.L.P., counsel for both Union Pacific defendants, on July 13, 2004 and we were unable to agree about the disposition of the motion.

_____
Albert Garcia

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the attorneys listed below on July 20, 2004 by regular mail.

Mr. Mitchell C. Chaney
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522

Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Todd O. Lafferty
P.O. Box 510
Watonga, Oklahoma 73772

Ms. Norma Arriaga Trevino
Liberty County Institution
IN# 04 133 938 H-1
P.O. Box 10069
Liberty, Texas 77575

Mr. Arnulfo Flores, Jr.
Karnes City Correctional Center
810 Commerce St.
Karnes City, Texas 78118

_____
Albert Garcia

CAUSE NO. 2004-06-002918-B

| | | |
|---|---|---|
| JUVENAL ESPARZA RICO AND | § | IN THE DISTRICT COURT |
| ARCELIA CONTRERAS ORTEGA, | § | |
| INDIVIDUALLY AND AS THE SOLE | § | |
| HEIRS OF THE ESTATE OF THEIR SON, | § | |
| OMAR ESPARZA CONTRERAS, ET AL | § | |
| | § | |
| VS. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| ARNULFO FLORES, JR., ET AL | § | CAMERON COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE DISTRICT COURT

COMES NOW, ARNULFO FLORES, JR., Defendant, without waiving his right to subsequently file exceptions, dilatory pleas, verified denials, affirmative defenses, amendments to his pleadings, cross-actions and/or counterclaims, files this his Original Answer, and for such would respectfully show to the Court as follows:

Defendant generally denies each and every, all and singular, the material allegations of Plaintiff's Original Petition and demands strict proof of the same.

**WHEREFORE, PREMISES CONSIDERED**, Defendant asks the Court to enter judgement and that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess court costs against Plaintiff and award the Defendant all other relief to which he is justly entitled.

Respectfully submitted,

ARNULFO FLORES, JR., *PRO SE*
Karnes City Correctional Center
810 Commerce St.
Karnes City, Texas 78118

JUL - 9


PLAINTIFF'S EXHIBIT 1

## CERTIFICATE OF SERVICE

I, **Arnulfo Flores, Jr.**, hereby certify that a true and correct copy of the foregoing instrument was mailed via certified mail, return receipt requested, on this the ___27__ day of July, 2004, to:

Mr. Alberto T. Garcia, III
**LAW OFFICE OF ALBERTO T. GARCIA, III**
500 West Pecan Blvd.
McAllen, Texas 78501

_____
ARNULFO FLORES, JR.

CAUSE NO. 2004-06-002918-B

| | | |
|---|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA | § | IN THE DISTRICT COURT |
| CONTRETAS ORTEGA, INDIVIDUALLY | § | |
| AND AS THE SOLE SURVIVING HEIRS OF | § | OF |
| THE ESTATE OF THEIR SON, OMAR ESPARZA | § | |
| CONTRERAS; MARIA INES MUNOZ BRIONES, | § | |
| INDIVIDUALLY, AS NEXT FRIEND OF HER | § | |
| MINOR CHILDREN, INGRI MARVELLA | § | |
| REYES MUNOZ AND CLARISA YAJAIRA | § | |
| REYES MUNOZ, AND AS SURVIVING HEIR | § | |
| OF THE ESTATE OF HER HUSBAND, JUAN | § | |
| ENRIQUE REYES MEZA; JUAN ANTONIO | § | |
| REYES AGUILAR, INDIVIDUALLY; IRENE | § | |
| GODINEZ CARDONA, INDIVIDUALLY, AS | § | |
| NEXT FRIEND OF HER MINOR SON, | § | |
| ROBERTO ESPARZA GODINEZ, AND AS A | § | |
| SURVIVING HEIR OF THE ESTATE OF HER | § | |
| HUSBAND, ROBERTO ESPARZA RICO; | § | |
| CLEMENTINA SANCHEZ, INDIVIDUALLY; | § | |
| EVA CRISTINA SANCHEZ SIERRA, | § | |
| INDIVIDUALLY, AS NEXT FRIEND OF HER | § | |
| MINOR CHILDREN, KARLA LIZETH AMADOR | § | |
| SANCHEZ, NANCY MARISOL AMADOR | § | |
| SANCHEZ, MARVIN ALEXANDER AMADOR | § | |
| SANCHEZ AND FRANCIS ESTEFANIA | § | |
| AMADOR SANCHEZ, AND AS A SURVIVING | § | |
| HEIR OF THE ESTATE OF HER HUSBAND, | § | |
| PEDRO AMADOR LOPEZ; MANUEL DE | § | |
| JESUS DOBLADO AVILA, INDIVIDUALLY; | § | |
| DELMIRA SOLDER DOBLADO, INDIVIDUALLY, | § | |
| AS NEXT FRIEND OF HER MINOR CHILDREN | § | |
| NELIS AVILA SOLER, EVER AVILA SOLER, | § | |
| AND ELMER ROBERTO AVIAL SOLER, | § | |
| AND AS A SURVIVING HEIR OF THE ESTATE | § | |
| OF HER HUSBAND ISIDRO AVILA BUESO; | § | |
| LUDIS YESENIA AVILA SOLER, | § | |
| INDIVIDUALLY; OBDULIA FERRUFINO | § | |
| BURGOS; INDIVIDUALLY, AS NEXT FRIEND | § | |
| OF HER MINOR GRANDCHILDREN | § | |
| JONATHAN JOEL GUTIERREZ FERRUFINO, | § | |
| LELY AMPARO CANALES FERRUFINO, | § | |
| IVY ROXANA CANALES FERRUFINO, | § | |
| OSCAR ALFREDO FERRUFINO, JAIRO | § | |
| MAURICIO FERRUFINO, KATHERINE | § | |


PLAINTIFF'S EXHIBIT
FALCON-DALLAS, TX

| | | |
|---|---|---|
| NINOSKA CANALES FERRUFINO, | § | |
| JENNIFER GUADALUPE FERRUFINO, | § | |
| AND ELMER NOE FERRUFINO, AND AS A | § | |
| SURVIVING HEIR OF THE ESTATE OF | § | CAMERON COUNTY, TEXAS |
| HER DAUGHTER, ROSIBEL FERRUFINO | § | |
| AND LELY ELIZABETH FERRUFINO, AND | § | |
| HER GRANDUGHTER LESLY ESMERALDA | § | 138th JUDICIAL DISTRICT |
| FERRUFINO; ROSA DELIA HERNANDEZ | § | |
| DE ARDON, INDIVIDUALLY, AS NEXT | § | |
| FRIEND OF HER MINOR CHILDREN | § | |
| HAROLD MAURICIO ARDON HERNANDEZ, | § | |
| MARELYN IVETTE ARDON HERNANDEZ, | § | |
| AND AS A SURVIVING HEIR OF THE | § | |
| ESTATE OF HER HUSBAND, DOMINGO | § | |
| ARDON SIBRIAN; SIXTO ACEVEDO AND | § | |
| MARIA EMILIA PEREZ, INDIVIDUALLY | § | |
| AND AS THE SOLE SURVIVING HEIRS OF | § | |
| THE ESTATE OF THEIR SON, BYRON | § | |
| ADNER ACEVEDO PEREZ | § | |
| Plaintiffs | § | |
| | § | |
| VS | § | |
| | § | |
| NORMA ARRIAGA TREVINO a/k/a NORMA | § | |
| BOCANEGRA | § | |
| Defendant | § | |

## DEFENDANT NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant, **NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA**, and files this, her Original Answer and for such answer states the following:

### I.

### GENERAL DENIAL

Defendant invokes its right to generally deny each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, thereby requiring the

Plaintiff to prove the same, if they can, by preponderance of the credible evidence

Respectfully,

By: /s/ Norma B. Arriaga Trevino

Norma Arriaga Trevino a/k/a
Norma Bocanegra
Liberty Country Institution
IN# 04 133 938 H-1
P.O. Box 10069
Liberty, Texas 77575

DEFENDANT PRO SE

## CERTIFICATE OF SERVICE

I, NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA, do herby certify that a true and correct copy of the foregoing Defendant's Original Answer has been sent Aurora De La Garza, District Clerk of 138th Judicial District Court of Cameron County, Texas, 974 E. Harrison Street, Brownsville, Texas 78521 via certified mail, return receipt requested # 7004 0750 0003 1227 6073 and a copy to Plaintiff's Attorney Alberto T. Garcia III, 500 W. Pecan Boulevard, McAllen, Texas 78501 via certified mail, return receipt requested # 7004 0750 0003 1227 6097 and via fax to (956) 971-0991. JUNE 29, 2004