IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 0 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; ET AL<br><br>VS.<br><br>ARNULFO FLORES, JR., ET AL | § § § § § § § § § § | § CIVIL ACTION NO. B-04-117 |

**PLAINTIFFS' REPLY TO DEFENDANTS'
RESPONSE TO OPPOSED MOTION FOR REMAND**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW PLAINTIFFS JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; ET AL and file their Reply to Defendants' Response to Opposed Motion to Remand and would show the Court as follows:

I.

**SUMMARY OF RESPONSE**

The removing Defendants failed to discharge their burden of proving that the unlawful acts rule makes it impossible for Plaintiffs to recover from Defendants Flores and Trevino. Section 93.001 of the Texas Civil Practices & Remedies Code clearly preempts the unlawful acts rule in wrongful death cases such as this one. The removing Defendants have still not provided this Court with any case that has applied the unlawful

acts rule in a wrongful death case [or in a personal injury lawsuit, for that matter]. Faced with the preemption of the unlawful acts rule by Section 93.001 and the fact that the unlawful acts rule has never been applied in a wrongful death case in Texas, this Court has no choice but to conclude that the unlawful acts rule does not apply in this wrongful death case. Therefore, joinder was proper, diversity jurisdiction is defeated and this Court should remand this case back to the Cameron County District Court.

## II.

### UNION PACIFIC FAILED TO PROVE THAT UNLAWFUL ACTS RULE APPLIES

As this Court wrote in the *Prather v. Utiliquest, L.L.C.* case, it is the removing party's burden to prove that there is no possibility that the Plaintiffs will be able to establish a cause of action against the non-diverse defendants. *Prather v. Utiliquest, L.L.C.*, 313 F.Supp.2d 666, 669 (S. D. Tex. 2004) (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995)). Union Pacific relies solely on the application of the unlawful acts rule to discharge this heavy burden.

In wrongful death cases, the unlawful acts rule is preempted by Chapter 93 of the Texas Civil Practice & Remedies Code. This is clearly spelled out in the statute which provides that "[i]n **an action** to which this section applies, this section shall prevail over **any** other law." TEX. CIV. PRAC. & REM. CODE § 93.001(c) (Vernon 1997) [emphasis added].

Union Pacific attempts to distort the meaning of this preemption provision by

suggesting that "an action" means one in which the plaintiff committed a felony. *Response, p. 11*. That is plainly wrong. The very first sentence of the statute makes clear that the term "action" used throughout the statute refers to a "civil action for damages for personal injury or death." ***Id.***, § 93.001(a). As this case is one for wrongful death, Chapter 93 preempts the unlawful acts rule or any other law. ***Id.***, § 93.001(c).

Union Pacific also argues that the unlawful acts rule applies because there is no Texas reported opinion in which a Court has refused to apply it in a wrongful death case. *Response, p. 12*. This argument fails two basic tenets of Federal removal law. First, it is Union Pacific's burden to prove that it is **impossible** for Plaintiffs to recover from Defendants Flores and Trevino because of the unlawful acts rule. By doing nothing more than asserting that no Texas case has refused to apply the unlawful acts rule in wrongful death cases, Union Pacific fails in its burden. When Section 93.001(c) preempts the unlawful acts rule in wrongful death cases, the only way that Union Pacific can discharge its burden is to show that a Texas Court has distinguished Section 93.001(c) and despite that preemption provision, applied the unlawful acts rule in a wrongful death case. This, Union Pacific has not done and cannot do.

Second, this Court must resolve all ambiguities in the controlling state law in favor of the non-removing party. **Prather**, 313 F.Supp.2d at 669; **Burden**, 60 F.3d at 217-18. Plaintiffs assert that there is no ambiguity in the law and that Section 93.001(c) preempts the unlawful acts rule in all wrongful death cases. However, should this Court conclude that an ambiguity exists because there are no Texas cases on either side of this preemption

3

issue, as this and many other Federal Courts have held, such ambiguity must be resolved in Plaintiffs' favor.

### III.

### **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully pray that their Motion to Remand be GRANTED, that this case be remanded to the 138th District Court of Cameron County, Texas, and for all other and further relief, either at law or in equity, to which PLAINTIFFS may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF ALBERTO T. GARCIA III P.C.**
500 W. Pecan Blvd.
McAllen, Texas 78501
Telephone: 956-971-0999
Fax: 956-971-0991

*/s/ Alberto T. Garcia III*

**ALBERTO T. GARCIA III**
Texas State Bar No. 00787515
Southern District of Texas Bar No. 19679

**ATTORNEY IN CHARGE FOR PLAINTIFFS, OTHER THAN THOSE CLAIMING THROUGH DECEDENTS OMAR ESPARZA CONTRERAS AND ROBERTO ESPARZA RICO**

**THE AMMONS LAW FIRM, L.L.P.**
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

*/s/ Rob Ammons* w/permission by *ATG*

**ROBERT E. AMMONS**
Texas State Bar No. 01159820
Southern District of Texas Bar No. 11742

**ATTORNEY IN CHARGE FOR PLAINTIFFS CLAIMING THROUGH DECEDENTS OMAR ESPARZA CONTRERAS AND ROBERTO ESPARZA RICO**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the attorneys listed below on August 10, 2004 by regular mail.

Mr. Mitchell C. Chaney
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522

Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Todd O. Lafferty
P.O. Box 510
Watonga, Oklahoma 73772

Ms. Norma Arriaga Trevino
Liberty County Institution
IN# 04 133 938 H-1
P.O. Box 10069
Liberty, Texas 77575

Mr. Arnulfo Flores, Jr.
Karnes City Correctional Center
810 Commerce St.
Karnes City, Texas 78118

_____
Albert Garcia