IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; ET AL | § § § § § § CIVIL ACTION NO. B-04-117 § § § § |
| VS. | |
| ARNULFO FLORES, JR., ET AL | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF SUPPORTING
PLAINTIFFS' OPPOSED MOTION FOR REMAND**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW PLAINTIFFS JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; ET AL and file their Supplemental Brief Supporting Plaintiffs' Opposed Motion to Remand and would show the Court as follows:

I.

**BACKGROUND**

On November 15, 2004 this Court informed the parties that they should be prepared to address the application of the 5th Circuit's recent *en banc* decision in ***Smallwood v. Illinois Central Railroad Co.***, 385 F.2d 568 (5th Cir. 2004) at the upcoming scheduling conference. Thus, Plaintiffs submit this brief regarding the ***Smallwood*** case for the Court's consideration.[1]

---

[1] The final opinion in ***Smallwood*** was issued on September 10, 2004, after the Plaintiffs had filed their motion to remand and related briefs.

## II.

## THE *SMALLWOOD* CASE

*Smallwood* is the Fifth Circuit's most recent decision dealing with improper joinder.[2] In that case, Kelli Smallwood was injured when a train struck her car at a railroad crossing in Mississippi. She sued Illinois Central Railroad and the Mississippi Department of Transportation ("MDOT") in state court. With respect to MDOT, Smallwood claimed that it was negligent for not installing automatic crossing gates at the railroad crossing.

Illinois Central, an Illinois corporation, removed the case to federal court on the basis of diversity jurisdiction. It claimed that MDOT was improperly joined because Smallwood's claims against MDOT were preempted by the Federal Railroad Safety Act ("FRSA") and therefore barred. It further argued that because Smallwood could not possibly recover against MDOT, MDOT was improperly joined and diversity of citizenship existed among the remaining parties (Illinois Central and Smallwood). The district court agreed with Illinois Central, dismissed MDOT from the case, denied Smallwood's motion to remand and granted summary judgment for Illinois Central on the basis that Smallwood's claims against the railroad were equally preempted by the FRSA.

The Fifth Circuit reversed, and held that removal was improper because Illinois Central failed to prove the improper joinder of MDOT. The Court made clear that if the basis upon which a Court concludes there is no reasonable possibility of recovery against

---

[2] The Court adopted the term "improper joinder" rather than continue to use the term "fraudulent joinder" which had been used in prior cases.

2

the in-state defendant also compels the same result for the out-of-state defendant, then there is no improper joinder. *Id.*, at 574. The Court stated:

> [Our holding] applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is equally dispositive of all defendants.

*Id.* at 576. Because the FRSA barred Smallwood's claims, not only against MDOT but also against Illinois Central, there was no showing of improper joinder as to MDOT. *Id.* Lacking improper joinder, the district court had no jurisdiction to act and the case should have been remanded to the state court. *Id.*

### III.

### UNION PACIFIC'S BASIS FOR IMPROPER JOINDER APPLIES EQUALLY TO ALL THE DEFENDANTS

Union Pacific argues that Plaintiffs cannot maintain claims against Defendants Flores and Trevino because the "unlawful acts rule" bars their recovery. *Notice, p. 10*. This is the **only basis** for improper joinder articulated by the removing defendants. For the reasons stated in Plaintiffs' briefs, Plaintiffs disagree that the "unlawful acts rule" has any application to this case. Nevertheless, should this Court find that the "unlawful acts rule" bars Plaintiffs recovery against Defendants Flores and Trevino, it must also conclude that the rule applies equally to the out-of-state defendants, and therefore, there is no improper joinder of Flores and Trevino.

The "unlawful acts rule" was articulated as follows "[i]n those cases where it is shown that, at the time of the injury, the plaintiff was engaged in the denounced or illegal act, the rule is, if the illegal act contributed to the injury he can not recover..."

*The Gulf C. & S.F. Ry. Co. v. Johnson*, 71 Tex. 619, 621-22, 9 S.W. 602, 603 (1888). There is nothing about the "unlawful acts rule" that makes it applicable only to in-state defendants or only to those defendants with whom Plaintiffs dealt with directly. Thus, this Court must conclude that if the "unlawful acts rule" applies to bar Plaintiffs' case against Defendants Flores and Trevino, it must apply with equal force to the out-of-state defendants. Because there is then no showing of improper joinder, the Court lacks jurisdiction to hear this case and must remand it to the state court.

## IV.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully pray that their Motion to Remand be GRANTED, that this case be remanded to the 138th District Court of Cameron County, Texas, and for all other and further relief, either at law or in equity, to which PLAINTIFFS may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF ALBERTO T. GARCIA III P.C.**
500 W. Pecan Blvd.
McAllen, Texas 78501
Telephone: 956-971-0999
Fax: 956-971-0991

_____
**ALBERTO T. GARCIA III**
Texas State Bar No. 00787515
Southern District of Texas Bar No. 19679

**ATTORNEY IN CHARGE FOR PLAINTIFFS, OTHER THAN THOSE CLAIMING THROUGH DECEDENTS OMAR ESPARZA CONTRERAS AND ROBERTO ESPARZA RICO**

**THE AMMONS LAW FIRM, L.L.P.**
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

___Rob Ammons w/ permission by at Sn___
**ROBERT E. AMMONS**
Texas State Bar No. 01159820
Southern District of Texas Bar No. 11742

**ATTORNEY IN CHARGE FOR PLAINTIFFS CLAIMING THROUGH DECEDENTS OMAR ESPARZA CONTRERAS AND ROBERTO ESPARZA RICO**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the attorneys listed below on November 16, 2004 by regular mail.

Mr. Mitchell C. Chaney
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522

Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Todd O. Lafferty
P.O. Box 510
Watonga, Oklahoma 73772

Ms. Norma Arriaga Trevino
Liberty County Institution
IN# 04 133 938 H-1
P.O. Box 10069
Liberty, Texas 77575

Mr. Arnulfo Flores, Jr.
Karnes City Correctional Center
810 Commerce St.
Karnes City, Texas 78118

_____
Albert Garcia