United States District Court
Southern District of Texas
FILED

NOV 2 9 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUVENAL ESPARZA RICO and ARCELIA CONTRERAS ORTEGA, Individually and As the Sole Surviving Heirs of the Estate of their Son, OMAR ESPARZA CONTRERAS; et al. | § § § § § § § | |
| VS. | § § | C. A. No.B-04-117 |
| ARNULFO FLORES, JR.; NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA; UNION PACIFIC CORPORATION; UNION PACIFIC RAILROAD COMPANY, A T & L RAILROAD COMPANY, INC.; and ARCHER DANIELS MIDLAND COMPANY | § § § § § § § § § § | |

## SUPPLEMENTAL MEMORANDUM IN RESPONSE TO MOTION TO REMAND

TO THE HONORABLE COURT:

NOW COME Union Pacific Corporation and Union Pacific Railroad Company (hereinafter "Union Pacific"), and in compliance with this Honorable Court's November 22, 2004 request, submit the following Supplemental Memorandum in Response to Plaintiffs' Motion to Remand:

### ARGUMENT AND AUTHORITIES

Plaintiffs have cited the case of Rogers-Gamble v. Wyeth, 2003 WL 21788871 (N.D. Tex.) (which involved the inapposite defense of limitations) for the proposition that even if the transaction upon which their claims are based was illegal and the conduct in furtherance thereof

unlawful,[1] the claims against resident Defendants Flores and Trevino are not vitiated by such illegality (and their joinder not fraudulent) unless such resident Defendants affirmatively plead the defense of illegality, affirmatively establish its elements, and negate any defenses thereto.

Such assertions are, however, contradicted by two dispositive rules: *First*, illegality need *not* be pled where, as here, the illegality of a transaction is demonstrated by the *Plaintiffs'* pleadings, since both public policy and the Plaintiff's pled anticipation of the defense mandate a rejection of *all* claims grounded upon such an illegal transaction *regardless* of whether its illegality has been asserted by the Defendant. *Second*, unlike the defense of limitations, whose elements must be affirmatively established by the defendant, the illegality of a transaction will vitiate all claims grounded thereon upon a mere showing that the *Plaintiff* cannot meet his burden without establishing the illegal nature of the transaction.

***Where The Plaintiffs' Own Pleadings Demonstrate The Illegality of The Transaction Upon Which Their Claims Are Based The Claims Are Vitiated By The Illegality Regardless of Whether Same Has Been Pled By The Defendant:***

Where the illegality of a transaction is apparent from the face of the Plaintiff's pleadings Texas courts do not require same to be affirmatively pled, both because public policy forbids the enforcement of an illegal transaction *and* because the assertion of claims based upon a facially illegal transaction anticipates the defense and obviates the necessity of an affirmative defensive plea. <u>Phillips v. Phillips</u>, 820 S.W.2d 785, 789 (Tex. 1991); <u>Lewkowicz v. El Paso Apparel Corp.</u>, 625 S.W.2d 301, 303 (Tex. 1981). As the Supreme Court stated in <u>Phillips</u>:

---

[1] For purposes of determining whether and under what circumstances a plaintiff's unlawful acts vitiate his claims arising out of same the terms "unlawful acts" and "illegal" or "illegality" are hereafter used interchangeably for two reasons: *first*, although Tex. R. Civ. P. 94 does not even list the "unlawful acts" rule as an affirmative defense, named therein, it does list the defense of "illegality," which applies the same policy considerations in proclaiming that claims arising out of illegal transactions, just as those which arise out of unlawful acts, are vitiated by the illegal or unlawful nature of those transactions. *See, e.g.*, <u>Ward v. Emmett</u>, 37 S.W.3d 500, 502-03 (Tex. App.—Texarkana 2001, no pet. h.) ("no action will lie to recover damages if the recovery requires the showing of *an illegal transaction* or *unlawful action* to which the plaintiff was a party"). *Second*, the Plaintiffs' claims against resident Defendants Flores and Trevino in the instant case are founded not only upon unlawful acts undertaken by such Defendants *and* the Plaintiffs' Decedent in furtherance of their unlawful objective (the Decedent's evading of Immigration authorities at the Sarita Checkpoint), but also upon duties allegedly arising out of an illegal *agreement* (*i.e.*, transaction) by which the resident Defendants are alleged to have agreed (*i.e.*, to have given promises and assurances in exchange for financial consideration), to safely transport the Decedents past the Border Patrol Checkpoint in Sarita, Texas.



"If the illegal nature of the document to be relied upon or sought to be enforced is apparent from the plaintiff's pleadings, it is not necessary that illegality be specially pleaded by the defendant in order to rely upon it as a defense.... Two principles support this exception to the general rule that affirmative defenses are waived if not pleaded. One is that 'when a plaintiff in his pleadings anticipates defensive matters and pleads them, a defendant may rely upon the defenses though his only pleading is a general denial' [because] [p]leading an agreement illegal on its face in effect anticipates the defense. *The other principle is that the courts will not enforce a plainly illegal contract even if the parties do not object [because] enforcement of an illegal agreement violates public policy.*"

Phillips, at 789. (Emphases and bracketed insertions added). *See, also*, Howell v. Texas Trial Lawyers Association, 1996 WL 50603 *11, Lagarde, J., concurring in affirmance of summary judgment upon basis of unpled defense of illegality (Tex. App.—Dallas 1996, no writ) (not designated for publication); Green v. Meadows, 517 S.W.2d 709, 811 (Tex. Civ. App.—Houston [1st Dist.] 1974) rev'd on other grnds, 524 S.W.2d 509 (same principle applied to show non-necessity of pleading "unclean hands" based on unlawful conduct).

*The Defense of Illegality is Conclusively Established Merely By Showing That The Plaintiff Cannot Meet His Burden Without Establishing The Unlawful Nature of The Transaction Upon Which His Claims Are Based:*

As Union Pacific stated in its Response, "[w]here it is shown that at the time of the injury the plaintiff was engaged in [an] illegal act, the rule is [that] *if the illegal act contributed to the injury* he cannot recover" (emphasis supplied). *See, e.g.*, Ward v. Emmett, 37 S.W.3d 500, 502-03 (Tex. App.—Texarkana 2001, no pet. h.). In other words, "no action will lie to recover damages if the recovery requires the showing of an illegal transaction or unlawful action to which the plaintiff was a party." Long Distance Intern. v. Telefonos De Mexico, 18 S.W.3d 706, 713 (Tex. App.—San Antonio 2000) rev'd on other grnds, 49 S.W.3d 347 (Tex. 2001). Stated yet another way, "[p]ublic policy bars recovery for injuries arising from a knowing and willful crime." Saks v. Sawtelle Goode, 880 S.W.2d 466, 469-70 (Tex. App.—San Antonio 1994, writ den'd), Dover v. Baker, Brown, Sharman & Parker, 859 S.W.2d 441 (Tex. App.—Houston [1st Dist.] 1993, no writ).

Where, as here, a plaintiffs' petition demonstrates on its face that the only relationship allegedly giving rise to a duty of care was the parties' having jointly participated in an illegal transaction; that the only alleged duty flowing from that transaction was that of prudently

committing the crimes agreed upon; and that the plaintiff's injuries were suffered as a direct and proximate result of the illegal acts taken by himself and others in furtherance of that transaction, the plaintiff can be truly said to have "pled himself out of court" for removal/fraudulent joinder purposes by pleading claims grounded in their entirety upon an admittedly-illegal transaction and the parties' illegal conduct undertaken in furtherance thereof. Phillips v. Phillips, 820 S.W.2d at 789.

### *As Pointed Out in Defendant's Response to Plaintiff's Motion to Remand, Plaintiffs' Amended Petition on Its Face Demonstrates The Illegality of The Transaction Upon Which Their Claims Against Defendants Flores and Trevino Are Based:*

As Defendants demonstrated in their Response, Plaintiff's Petition clearly and candidly established the fact of the Decedents' having entered and remained in the United States illegally in violation of 8 U.S.C. § 1325(1); the fact of their having entered into an illegal agreement with resident Defendants, Flores and Trevino, to secret them in a Union Pacific hopper car for the very purpose of evading Immigration authorities at the Sarita Checkpoint in violation of 8 U.S.C. § 13249(a)(1)(A)(ii) and (v)(I); the fact of their having, in concert with such Defendants and in furtherance of such purpose, actually evaded the Immigration authorities at the Sarita Checkpoint in violation of 8 U.S.C. § 1325(2); the fact that the only alleged duties of care breached by Defendants Flores and Trevino were to safely perform the illegal acts called for by such transaction; the fact that the Decedents' injuries occurred as a direct and proximate result of the illegal acts taken by themselves and others in furtherance of that transaction; and the fact that establishing their claims against resident Defendants Flores and Trevino would accordingly require the Plaintiffs to prove their Decedents' own violations of 8 U.S.C. § 1525(1) and (2) and 8 U.S.C. § 1524(a)(1)(A)(ii) and (v)(I). Response § V[B][1] and [2].

Because the Plaintiffs' own pleadings demonstrate the illegality of the transaction upon which their claims are based and the impossibility of proving those claims without proving the illegal nature of the transaction and of the conduct undertaken in furtherance thereof which gave rise to their Decedents' injuries, their claims are vitiated by the illegality of the transaction and the conduct undertaken in furtherance thereof regardless of whether the "illegality" was affirmatively pled by the resident Defendants.

4

## CONCLUSION AND PRAYER

Because proof of the admittedly unlawful conduct of the Decedent would be necessary to establish the Plaintiffs' claims against resident Defendants Flores and Trevino, such claims are barred by the "unlawful acts rule" irrespective of whether the defense of illegality was affirmatively pled by such resident Defendants, and as a result Plaintiffs can assert no viable claim against such Defendants. Accordingly, complete diversity of jurisdiction exists, Defendant Union Pacific's removal of this case was appropriate, and Plaintiffs' Motion to Remand should be, in all things, DENIED.

WHEREFORE, Defendants Union Pacific Corporation and Union Pacific Railroad Company pray that Plaintiffs' Opposed Motion to Remand be, in all things, DENIED.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By _____
Mitchell C. Chaney
Attorney-in-Charge
State Bar No. 04107500
Southern District Admissions No. 1918
Joseph A "Tony" Rodriguez
State Bar No. 17146600
Southern District Admissions No. 10107
R. Patrick Rodriguez
State Bar No. 24002861
Southern District Admissions No. 22949
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170

ATTORNEYS FOR DEFENDANTS, UNION PACIFIC
RAILROAD COMPANY AND UNION PACIFIC
CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of November, 2004, a true and correct copy of Defendants Union Pacific Corporation and Union Pacific Railroad Company's Supplemental Memorandum In Response to Motion to Remand, was served via U.S. Certified Mail, Return Receipt Requested, U. S. Regular Mail and/or by Facsimile to all counsel of record as hereinbelow noted:

Alberto T. Garcia III
Law Offices of Alberto T. Garcia III, P.C.
500 West Pecan Boulevard
McAllen, Texas 78501
Attorneys for Plaintiffs

Robert E. Ammons
The Ammons Law Firm, LLP
3700 Montrose Boulevard
Houston, TX 77006
Attorney for Plaintiff

Todd O. Lafferty
Wheeler Brothers Grain Company
P.O. Box 29
505 West Main Street
Watonga, OK 73772
Attorneys for Defendant A T & L Railroad Company, Inc

Tom Lockhart
Adams & Graham, LLP
Post Office Drawer 1429
Harlingen, Texas 78551-1429
Attorneys for Defendants A T & L Railroad Company, Inc. and Archer-Daniels Midland Company

Mr. Arnulfo Flores, Jr.
Karnes City Correctional Center
810 Commerce St.
Karnes City, TX 78118

Ms. Norma Arriaga Trevino
Liberty County Institution
IN#04 133 938 H-1
P.O. Box 10069
Liberty, TX 77575

R, Patrick Rodriguez