IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
NOV 3 0 2004
Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; ET AL § § § § § | § § CIVIL ACTION NO. B-04-117 § |
| VS. | § § |
| ARNULFO FLORES, JR., ET AL | § § |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN RESPONSE TO MOTION TO REMAND**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW PLAINTIFFS JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; ET AL and file their Response to Defendants' Supplemental Memorandum in Response to Motion to Remand and would show the Court as follows:

I.

**FAILURE TO PLEAD UNLAWFUL ACTS RULE**

Union Pacific has still not identified a single fraudulent joinder case where the Court concluded that plaintiffs had no possibility of recovering against an in-state defendant because of an affirmative defense that the in-state defendant failed to plead. Union Pacific has not even identified a fraudulent joinder case where the Court even *considered* an un-pled affirmative defense. Union Pacific has also not identified any

case in which the Court concluded that the "unlawful acts rule" affirmative defense[1] need not be pled. In contrast, Plaintiffs submitted to the Court the fraudulent joinder case of **Rogers-Gamble v. Wyeth**, 2003 WL 21788871 (N.D. Tex. 2003) where the Court refused to consider the affirmative defense of limitations because the in-state defendants failed to plead it.

Union Pacific attempts to excuse the in-state defendants' failure to plead the "unlawful acts rule" by citing to **Phillips**, a breach of contract case. Because **Phillips** is not a fraudulent joinder case and **Rogers-Gamble** is, Union Pacific fails to discharge its burden of proving fraudulent joinder. The most that Union Pacific can show with **Phillips** is that there is an ambiguity in the law regarding whether an affirmative defense must be pled when evaluating fraudulent joinder.[2] As this Court said in **Prather**, the Court must resolve all ambiguities in the law in Plaintiffs' favor. **Prather v. Utiliquest, L.L.C.**, 313 F.Supp.2d 666, 669 (S. D. Tex. 2004). When it does so, the Court must conclude that Union Pacific failed to prove that the in-state defendants were not required to plead the "unlawful acts rule" in order for this Court to conclude that they were fraudulently joined.

This Court can also dismiss **Phillips** because it is distinguishable in several ways. Because **Phillips** is not a fraudulent joinder case, the Court was not constrained by the

---

[1] In **Ward v. Emmett**, a case relied upon heavily by Union Pacific, the Court recognized that the "unlawful acts rule" was an affirmative defense. It stated that defendants' motion for summary judgment "was based on the affirmative defenses of the Unlawful Acts Rule and Assumption of the Risk." **Ward v. Emmett**, 37 S.W.3d 500, 501 (Tex. App.—Texarkana 2001, no pet.).

[2] Interestingly, in a case that came after **Phillips**, the Fifth Circuit held that illegality of a contract must be pled or it is waived. See, e.g. **Coury v. Prot**, 85 F.2d 244, 256 (5th Cir. 1996) (stating that "we affirm the trial court's determination that Prot waived by not pleading the affirmative defense of illegality of the contract..."). Federal Rule of Civil Procedure 8(c) also requires that illegality be pled.

heavy burdens associated with proving fraudulent joinder, *i.e.* construing all facts and laws in favor of the non-removing party, construing removal restrictively so as to limit jurisdiction, etc., when it concluded that illegality need not be pled. Second, **Phillips** does not involve the "unlawful acts rule," it involves the legality of a contract. Third, **Phillips** is a contract case, not a negligence case involving wrongful death.[3] Fourth, the cause of action in **Phillips** does not involve a causation element as in this case. Thus, when the **Phillips** Court concluded that the liquidated damages clause was illegal, the party trying to enforce it lost the case. In this case—or any negligence case—a finding that the Plaintiffs acted illegally will not necessarily result in them losing the case. A jury would also have to find that the illegal activity contributed to cause decedents' deaths. Then, if a jury finds that the Plaintiffs acted illegally and their actions contributed to their deaths, whether they lose depends on the percentage of responsibility that a jury assigns to the Plaintiffs. TEX. CIV. PRAC. & REM. CODE § 33.003. Fifth, whether a contract is illegal is a question of law but in a negligence case, whether the Plaintiff acted illegally, and if he did, whether his illegal conduct caused his own injuries are questions of fact. In this case, the Court cannot and has not concluded, as a matter of law, that Plaintiffs acted illegally and that their conduct caused their deaths. Not only must this Court construe those facts in Plaintiffs' favor, there exists the reasonable possibility that a jury may resolve those facts in Plaintiffs' favor. For all of these reasons, **Phillips** is distinguishable and cannot form the basis of a conclusion that the in-state defendants were fraudulently joined.

---

[3] Union Pacific has still not cited a single case involving personal injury or wrongful death where the

3

## II.

## COURT CANNOT DISREGARD BASIC FRAUDULENT JOINDER PRINCIPLES

Union Pacific asks this Court to (1) disregard the fact that the in-state defendants did not plead the "unlawful acts rule" affirmative defense and (2) assume that they would have done so. If, when evaluating fraudulent joinder, a Court were to *assume* that an in-state defendant would plead every affirmative defense available to him, then the Court's conjecture would violate several basic principles of fraudulent joinder jurisprudence. First, the Court would violate the basic principle that removal is construed restrictively so as to limit federal subject matter jurisdiction. ***Willy v. Coastal Corp.***, 855 F.2d 1160, 1164 (5th Cir. 1988), *aff'd*, 503 U.S. 131 (1992); ***Zaini v. Shell Oil Co.***, 853 F. Supp. 960, 965 (S.D. Tex. 1994). Second, the Court would relieve a removing defendant from proving fraudulent joinder by clear and convincing evidence. ***Grassi v. Ciba-Geigy, Ltd.***, 894 F.2d 181, 186 (5th Cir. 1990); ***Up-North Plastics, Inc. v. AIG Ins. Co.***, 2004 WL 1418792 (N.D. Tex. June 23, 2004). Finally, a Court making such an assumption would incorrectly be resolving ambiguities in questions of fact and controlling law in favor of the removing defendant rather than in favor of the non-removing party. ***Prather***, 313 F.Supp.2d at 669.

The law does not support Union Pacific's request that the Court construe disputed facts in its favor. Rather, the Court must construe all disputed facts in Plaintiffs' favor. ***Id.*** In order for the "unlawful acts rule" to apply, Union Pacific must prove, by clear and convincing evidence, that Plaintiffs acted illegally and that their

---

"unlawful acts rule" was applied—or even considered—to deny the plaintiffs' recovery.

4

illegal acts caused their deaths. However, the unlawful acts rule makes clear that "if [the] plaintiff's [illegal] act did not contribute to the injury, the fact alone that at the time he was engaged in an act in violation of law will not of itself preclude a recovery." *Gulf, C. & S.F. Ry. v. Johnson*, 71 Tex. 619, 621-2, 9 S.W. 602, 603 (1888). Assuming *arguendo*, that Plaintiffs' decedents acted illegally, Union Pacific has not proven by clear and convincing evidence, that their actions contributed to cause their deaths. Furthermore, this Court must construe this disputed question of fact—*i.e.* whether the decedents' actions contributed to cause their deaths—in Plaintiffs' favor. When it does so, the Court must conclude that Union Pacific failed to prove that the in-state defendants were fraudulently joined.

### III.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, for the several reasons set forth in Plaintiffs' motion and related briefs, Plaintiffs respectfully pray that their Motion to Remand be GRANTED, that this case be remanded to the 138th District Court of Cameron County, Texas, and for all other and further relief, either at law or in equity, to which PLAINTIFFS may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF ALBERTO T. GARCIA III P.C.**
500 W. Pecan Blvd.
McAllen, Texas 78501
Telephone: 956-971-0999
Fax: 956-971-0991

_____
**ALBERTO T. GARCIA III**
Texas State Bar No. 00787515
Southern District of Texas Bar No. 19679

**ATTORNEY IN CHARGE FOR PLAINTIFFS, OTHER THAN THOSE CLAIMING THROUGH DECEDENTS OMAR ESPARZA CONTRERAS AND ROBERTO ESPARZA RICO**

**THE AMMONS LAW FIRM, L.L.P.**
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

_____ w/ permission by
**ROBERT E. AMMONS**
Texas State Bar No. 01159820
Southern District of Texas Bar No. 11742

**ATTORNEY IN CHARGE FOR PLAINTIFFS CLAIMING THROUGH DECEDENTS OMAR ESPARZA CONTRERAS AND ROBERTO ESPARZA RICO**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the attorneys listed below on November 30, 2004 by fax and/or regular mail.

| | |
|---|---|
| Mr. Mitchell C. Chaney<br>RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.<br>1201 East Van Buren<br>Post Office Box 2155<br>Brownsville, Texas 78522 | Via Fax |
| Mr. Tom Lockhart<br>ADAMS & GRAHAM, L.L.P.<br>P.O. Drawer 1429<br>Harlingen, Texas 78551-1429 | Via Fax |
| Mr. Todd O. Lafferty<br>P.O. Box 510<br>Watonga, Oklahoma 73772 | Via Regular Mail |
| Ms. Norma Arriaga Trevino<br>Liberty County Institution<br>IN# 04 133 938 H-1<br>P.O. Box 10069<br>Liberty, Texas 77575 | Via Regular Mail |
| Mr. Arnulfo Flores, Jr.<br>Karnes City Correctional Center<br>810 Commerce St.<br>Karnes City, Texas 78118 | Via Regular Mail |

_____
Albert Garcia