IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FILED
DEC 27 2004
Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; ET AL § § § § § § § § § § VS. § § ARNULFO FLORES, JR., ET AL § | CIVIL ACTION NO. B-04-117 |

**PLAINTIFFS' RESPONSE TO
DEFENDANT A T & L RAILROAD COMPANY, INC.'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW PLAINTIFFS JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; ET AL and file their Response to Defendant A T & L Railroad Company, Inc.'s Motion to Dismiss for Failure to State a Claim and would show the Court as follows.

Plaintiffs file this response without waiving its pending Motion to Remand. Plaintiffs stand by the position that this case should be remanded to state court because the Court lacks subject matter jurisdiction.

**I.**

**BACKGROUND**

While this case was pending in a Texas district court, Defendant A T & L filed a Plea in Abatement claiming that "Defendant is not alleged to have committed any acts or omissions that violate the law." After the Defendants removed this case to this Court, A

T & L claimed that its Plea in Abatement should be considered a motion to dismiss for failure to state a claim. At the November 22, 2004 hearing on Plaintiffs' Motion to Remand, the Court instructed Plaintiffs to file a response to A T & L's motion to dismiss on or before the Christmas holidays. In accordance with the Court's order, Plaintiffs submit this response.

## II.

### COURT LACKS JURISDICTION TO RULE ON DEFENDANT'S MOTION

To date, the Court has not ruled on Plaintiffs' Motion to Remand and has not determined that it has subject matter jurisdiction over this case. Absent such a finding, the Plaintiffs believe that this Court lacks jurisdiction to rule on A T & L's motion to dismiss. The Fifth Circuit Court of Appeals recently made clear that a Court does not have authority to dismiss a case until it resolves a pending motion to remand. ***Smallwood v. Illinois Central Railroad Co.***, 385 F.2d 568, 576 (5th Cir. 2004). In that regard, it stated:

> [w]hen a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. <u>Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits</u>.

*Id.* [emphasis added]. Because the removing Defendants have not carried their heavy burden of proving improper joinder, and this Court has not determined that it has subject matter jurisdiction, the Court lacks jurisdiction to rule on A T & L's motion to dismiss.

2

## III.

## PLAINTIFFS PLED NEGLIGENCE

The only basis for A T & L's motion to dismiss is its claim that "Defendant is not alleged to have committed any acts or omissions that violate the law." The fact of the matter is that Plaintiffs alleged in Paragraph IV of its current petition on file that A T & L is liable to Plaintiffs for negligence. Paragraph IV states in part that:

> [t]he railcar carrying Decedents traveled north through Texas and eventually stopped at a Union Pacific and/or AT & L Railroad location in Oklahoma. The railcar remained in the Union Pacific and/or AT & L Railroad location in Oklahoma with Decedents still locked inside. While at this location, Defendants Union Pacific Corporation, Union Pacific Railroad Company and/or <u>AT & L Railroad negligently failed to inspect the railcar and otherwise failed to discover that Decedents were still locked inside the railcar</u>.

Paragraph IV, Plaintiffs' First Amended Original Petition [emphasis added]. Because Plaintiffs alleged a negligence cause of action against A T & L, this Court must deny its motion to dismiss for failure to state a claim.

## IV.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, and without waiving its pending Motion to Remand, Plaintiffs respectfully pray that A T & L's Motion to Dismiss for Failure to State a Claim be DENIED, that this case be remanded to the 138th District Court of Cameron County, Texas, and for all other and further relief, either at law or in equity, to which PLAINTIFFS may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF ALBERTO T. GARCIA III P.C.**
500 W. Pecan Blvd.
McAllen, Texas 78501
Telephone: 956-971-0999
Fax: 956-971-0991

_____
**ALBERTO T. GARCIA III**
Texas State Bar No. 00787515
Southern District of Texas Bar No. 19679

**ATTORNEY IN CHARGE FOR PLAINTIFFS,
OTHER THAN THOSE CLAIMING THROUGH
DECEDENTS OMAR ESPARZA CONTRERAS
AND ROBERTO ESPARZA RICO**

**THE AMMONS LAW FIRM, L.L.P.**
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: 713-523-1606
Fax: 713-523-4159

_____ w/permission by [signature]
**ROBERT E. AMMONS**
Texas State Bar No. 01159820
Southern District of Texas Bar No. 11742

**ATTORNEY IN CHARGE FOR PLAINTIFFS
CLAIMING THROUGH DECEDENTS OMAR
ESPARZA CONTRERAS AND ROBERTO
ESPARZA RICO**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the attorneys listed below on December 21, 2004 by regular mail.

Mr. Mitchell C. Chaney
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522

Mr. Tom Lockhart
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Mr. Todd O. Lafferty
P.O. Box 510
Watonga, Oklahoma 73772

Ms. Norma Arriaga Trevino
Liberty County Institution
IN# 04 133 938 H-1
P.O. Box 10069
Liberty, Texas 77575

Mr. Arnulfo Flores, Jr.
Karnes City Correctional Center
810 Commerce St.
Karnes City, Texas 78118

_____
Albert Garcia