# Exhibit "A"

**FILE MARK AND RETURN**

U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
RECEIVED

2004 OCT 29 PM 1:42

MICHAEL N. MILBY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUVENAL ESPARZA RICO and ARCELIA CONTRERAS ORTEGA, Individually and As the Sole Surviving Heirs of the Estate of their Son, OMAR ESPARZA CONTRERAS; et al. <br><br> VS. <br><br> ARNULFO FLORES, JR.; NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA; UNION PACIFIC CORPORATION; UNION PACIFIC RAILROAD COMPANY, A T & L RAILROAD COMPANY, INC.; and ARCHER DANIELS MIDLAND COMPANY | § § § § § § § § § § § § § § § § § § § <br><br> C. A. No.B-04-117 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F)**

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   On October 13, 2004, the parties conducted the Rule 26(F) meeting via telephonic conference.

   The following individuals participated in the Rule 26(F) conference:

   1. Kay K. Morgan --PLAINTIFFS' COUNSEL

      Ms. Morgan is an associate with the Ammons Law Firm, and she appeared on behalf of Robert Ammons. Mr. Ammons is the attorney-in-charge for Plaintiffs claiming through decedents Omar Esparza Contreras and Roberto Esparza Rico.

   2. Albert Garcia -- PLAINTIFFS' COUNSEL

      Mr. Garcia is the attorney-in-charge for the following Plaintiffs:

   Maria Ines Munoz Briones, Individually, As Next Friend Of Her Minor Children, Ingri Marvella Reyes Munoz And Clarisa Yajaira Reyes Munoz, And As A Surviving Heir Of The Estate Of Her Husband, Juan Enrique Reyes Meza;

Juan Antonio Reyes Aguilar, Individually;

Irene Godinez Cardona, Individually, As Next Friend Of Her Minor Son, Roberto Esparza Godinez, And As A Surviving Heir Of The Estate Of Her Husband, Roberto Esparza Rico;

Clementina Sanchez, Individually;

Eva Cristina Sanchez Sierra, Individually, As Next Friend Of Her Minor Children Karla Lizeth Amador Sanchez, Nancy Marisol Amador Sanchez Marvin Alexander Amador Sanchez And Francis Estefania Amador Sanchez, And As A Surviving Heir Of The Estate Of Her Husband, Pedro Amador Lopez;

Manuel De Jesus Doblado Avila, Individually, Delmira Soler Doblado, Individually, As Next Friend Of Her Minor Children Nelis Avila Soler, Ever Avila Soler, And Elmer Roberto Avila Soler, And As A Surviving Heir Of The Estate Of Her Husband Isidro Avila Bueso; Ludis Yesenia Avila Soler, Individually;

Obdulia Ferrufino Burgos, Individually, As Next Friend Of Her Minor Grandchildren Jonathan Joel Gutierrez Ferrufino, Lely Amparo Canales Ferrufino, Ivy Roxana Canales Ferrufino, Oscar Alfredo Ferrufino, Jairo Mauricio Ferrufino, Katherine Ninoska Canales Ferrufino, Jennifer Guadalupe Ferrufino, And Elmer Noe Ferrufino, And As A Surviving Heir Of The Estates Of Her Daughters, Rosibel Ferrufino And Lely Elizabeth Ferrufino, And Her Granddaughter Lesly Esmeralda Ferrufino;

Rosa Delia Hernandez De Ardon, Individually, As Next Friend Of Her Minor Children Harold Mauricio Ardon Hernandez Marelyn Ivette Ardon Hernandez, And As A Surviving Heir Of The Estate Of Her Husband, Domingo Ardon Sibrian;

Sixto Acevedo And Maria Emilia Perez, Individually And As The Sole Surviving Heirs Of The Estate Of Their Son, Byron Adner Acevedo Perez

3.  Tom Lockhart – DEFENSE COUNSEL

    Mr. Lockhart appeared as attorney-in charge for Defendant Archer Daniels Midland Co. ("ADM")

4.  Tom Lockhart and Todd Lafferty – DEFENSE COUNSEL

    Subject to and without waiving its Special Appearance, Mr. Lockhart appeared as attorney-in-charge for Defendant AT&L Railroad Co. ("AT&L"), and Mr. Lafferty appeared as co-counsel for Defendant AT&L.

5.  R. Patrick Rodriguez – DEFENSE COUNSEL

2

Mr. Rodriguez is an associate with Rodriguez, Colvin, Chaney & Saenz, L.L.P., and he appeared for Mitchell C. Chaney. Mr. Chaney is the attorney-in-charge for Defendant Union Pacific Railroad Company ("U.P.").

6. Neither Defendant Arnulfo Flores nor Defendant Norma Arriaga Trevino participated in the Rule 26(F) meeting. According to their *pro se* answers, Flores and Trevino are both currently incarcerated in different prison facilities. In addition to forwarding the removal documents and Order setting conference, counsel for Defendant U.P. sent Flores and Trevino correspondence regarding the scheduled Rule 26(F) meeting. Neither Flores nor Trevino responded to U.P.'s counsels' correspondence.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

Cause No. 2004-06-002918-B; Juvenal Esparza Rico, et al. Vs. Arnulfo Flores, Jr., Norma Arriaga Trevino, Union Pacific Railroad Company, AT&L Railroad, Inc. and Archer Daniels Midland Company; 138th District Court Cameron County, Texas removed to C.A. B-04-117; United States District Court for the Southern District of Texas, Brownsville Division on July 9 2004.

No. 03-CR-661-1; *United States of America vs. Arnulfo Flores, Jr.;* U.S. District Court, Southern District of Texas, McAllen Division

No. 03-CR-872-1; *United States of America vs. Norma Estrella Arriaga-Trevino;* U.S. District Court, Southern District of Texas, Brownsville Division

3. Specify the allegation of federal jurisdiction.

Defendants U.P., AT&L and ADM assert that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(2) and 28 U.S.C. § 1332 (a)(3) because the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and because this civil action is between citizens of different States and in which citizens or subjects of a foreign state are additional parties. As set forth in the Notice of Removal, all Plaintiffs are either citizens of Florida or foreign nationals and all and all properly joined Defendants are citizens of the United States and citizens of States other than Florida and Texas except for two fraudulent or sham Defendants.

4. Name the parties who disagree and the reasons.

Plaintiffs disagree with Defendants' allegation of federal diversity jurisdiction. This Court does not have jurisdiction over this case because Defendants Flores and Trevino are proper Defendants and are citizens of the State of Texas. As such, the "no local defendant" rule defeats diversity. Flores and Trevino are proper defendants because their negligence caused the deaths of ten people. Flores and Trevino were properly joined and Defendants' erroneous citation to the "unlawful acts rule" has no application in this, or any other, wrongful death case. If any acts on the part of decedents are found to be illegal, this will not have the effect of automatically extinguishing Plaintiffs' claims, as Defendants erroneously suggest.

3

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **Neither Defendants nor Plaintiffs are aware of any additional parties at this time.**

6. List anticipated interventions.

    **Neither Defendants nor Plaintiffs anticipate any intervenors at this time.**

7. Describe class-action issues.

    **None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **Thus far, neither Plaintiffs nor Defendants have made their Initial Disclosures. However, Plaintiffs and Defendants have agreed to make their Initial Disclosures within 30 days after ruling on Plaintiffs' Motion to Remand.**

9. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

        **See description below.**

    B. When and to whom the Plaintiff anticipates it may send interrogatories,

        **Plaintiffs anticipate sending Interrogatories to all Defendants within 60 days after the date the Court issues its ruling on Plaintiffs' Motion to Remand.**

    C. When and to whom the Defendant anticipates it may send interrogatories;

        **Defendants U.P., AT&L and ADM anticipate sending interrogatories to all Plaintiffs as well as to co-defendants Arnulfo Flores and Norma Arriaga Trevino within 60 days after the date the Court issues its ruling on Plaintiffs' Motion to Remand.**

    D. Of whom and by when the Plaintiff anticipates taking oral depositions;

        **At this very early stage of discovery, Plaintiffs cannot anticipate each individual whom it may depose. However, in a good faith effort to respond, within 12 months of the Court's ruling on Plaintiffs' Motion to Remand, Plaintiffs anticipate taking the depositions of each Defendant that is an individual, all co-workers of Defendant Flores, all supervisors of Defendant Flores and representatives of Defendant that**

4

may testify about safety, inspection, scheduling and trespassing policies and procedures. Plaintiffs also anticipate deposing certain law enforcement, medical examiner and other officials in or around Denison, Iowa where the ten decedents were found, autopsied and identified.

E.  Of whom and by when the Defendant anticipates taking oral depositions;

Defendants anticipates taking depositions as follows :

a.  Depositions of all Plaintiffs to be completed within 6 months after the date the Court issues its ruling on Plaintiffs' Motion to Remand;

b.  Depositions of Co-Defendants Norma A. Trevino and Arnulfo Flores' depositions to be completed within Nine (9) months after Court Rules on Plaintiffs' Motion to Remand;

d.  Depositions of fact witnesses including those of state and federal law enforcement officials to be completed within 12 months after Court Rules on Plaintiffs' Motion to Remand

e.  Depositions of all of Plaintiffs liability and damages experts to be completed within 12 months after ruling on Plaintiffs' Motion to Remand.

F.  When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs will designate experts and provide reports 90 days before the end of the discovery period.

Defendants will designate responsive experts and provide reports 60 days before the end of the discovery period.

G.  List the expert depositions (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)

At this very early stage of discovery, Plaintiffs cannot anticipate each expert that Defendants will designate. However, in a good faith effort to respond, Plaintiffs anticipate taking the depositions of each of Defendants' testifying experts within 45 days of Defendants' designation.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).

Defendants plan on taking the depositions of all of Plaintiffs' liability and damages experts within 12 months after the date Court rules on Plaintiffs' Motion to Remand.

5

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.

As discussed above, Defendants anticipate taking the depositions of all Plaintiffs in this case. At this time, Plaintiffs' counsel have not determined if they will agree to produce their clients for deposition in the Southern District of Texas because most of the Plaintiffs live in Central America and some live in Mexico and the difficulties and time associated with obtaining proper visas. While no request has thus far been made to take the depositions of Plaintiffs, Defendants will object to taking the depositions of Plaintiffs outside the Southern District of Texas.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

None

12. State the date the planned discovery can reasonably be completed

Plaintiffs and Defendants request that the Court permit the parties 12 months from the date this Court issues its ruling on Plaintiffs' Motion to Remand to complete discovery.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Counsel for Defendants AT&L and ADM and Plaintiffs' counsel discussed the possibility of Plaintiff agreeing to voluntarily nonsuit their claims against these two defendants. Plaintiffs' counsel stated that while they could not agree to nonsuit either at this time, Plaintiffs' would consider nonsuiting one or both defendants if discovery reveals that all of the decedents died prior to the time the grain car in question came into the possession, custody or control of AT&L or ADM.

Counsel for Plaintiffs' and counsel for Defendant U.P. agreed to mediate this case following the completion of the discovery period.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

Prior to attending the Rule 26 meeting Counsel for AT&L provided Plaintiffs' counsel with affidavits from Danny Williams, General Manager for AT&L and Bobby Stratton, employee of AT&L in an effort to convince Plaintiffs' to nonsuit their claims against AT&L. Plaintiffs' counsel pointed out that neither affidavit addressed the date of death of any decedent so it could not be determined whether the decedents died prior to the grain car in question coming into the possession, custody or control of ADM or AT&L.

In addition counsel for all Defendants and counsel for Plaintiffs agreed to participate in the mediation of this case following the close of discovery.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

6

The parties agreed to participate in the mediation of this case following the close of the discovery period.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**Neither Plaintiffs nor Defendants agree to trial before a Magistrate Judge.**

17. State whether a jury demand has been made and if it was made on time.

**A jury demand was timely made.**

18. Specify the number of hours it will take to present the evidence in this case.

**Plaintiffs and Defendants estimate that it will take between 140 to 160 hours to present the evidence in this case.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   1. Plaintiffs' Motion to Remand;
   2. DEFENDANT AT&L'S SPECIAL APPEARANCE;
   3. SUBJECT TO AT&L'S SPECIAL APPEARANCE, AT&L'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. (THIS MOTION IS ASSERTED AS A PLEA IN ABATEMENT IN AT&L'S REMOVED STATE-COURT PLEADING); AND

   Plaintiffs disagree that the special appearance can be ruled on because we are entitled to conduct discovery to determine whether AT & L has the requisite number of contacts with the State of Texas to justify personal jurisdiction. Motion no. 3 also cannot be heard because the remedies for a plea in abatement in state court are different than the remedies for a motion to dismiss in federal court. They are not the same so I disagree that a motion to dismiss was filed in federal court.

20. List other motions pending.

   **See Answer to Question No. 19 above.**

21. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

   **Special matters include:**

   a. Defendant Norma A. Trevino and Defendant Arnulfo Flores are both currently incarcerated and neither is expected to be released from prison prior to the trial of this matter. It is unknown at this time if Plaintiffs and/or Defendants will need to depose additional fact witnesses that are either incarcerated or do not reside in the United States. In light of the possible delay caused by these factors, the parties are at this time requesting a discovery period of at least 12 months. However, should Defendants and Plaintiffs not be able to

7

       reach an agreement on the location for Plaintiffs deposition, Defendants may request that an additional six months be added to the discovery period.

    b.    At this time, Plaintiffs' counsel have not determined if they will agree to produce their clients for deposition in the Southern District of Texas.

22.    List the names, bar numbers, addresses and telephone numbers of all counsel.

    1.    Alberto T. Garcia III
        Federal Admissions No. 19679
        State Bar No. 00787515
        Law Offices Of Alberto T. Garcia III P.C.
        500 W. Pecan Boulevard
        McAllen, Texas 78501
        956/971-0999
        956/971-0991 - fax
        Attorney-in-charge for Plaintiffs other than those claiming Through Decedents Omar Esparza Contreras and Roberto Esparza Rico

By: _____  Date: 10/29/04
       Alberto T. Garcia, III

    2.    Robert E. Ammons
        Federal Admissions No. 11742
        State Bar No. 01159820
        The Ammons Law Firm, LLP
        3700 Montrose Boulevard
        Houston, TX 77006
        713-523-1606
        713-523-4159 Fax
        Attorney for Plaintiffs Claiming Through Decedents Omar Esparza Contreras and Roberto Esparza Rico

By: _____  Date: 10/29/04
       Robert E. Ammons

    3.    Mitchell C. Chaney
        Federal Admissions No. 1918
        State Bar No. 04107500
        Attorney-in-Charge
        Joseph A. Rodriguez
        Federal ID No. 10107
        State Bar No. 17146600

R. Patrick Rodriguez
Federal Admissions No. 22949
State Bar No. 24002861
Rodriguez, Colvin, Chaney & Saenz, L.L.P.
1201 East Van Buren
Brownsville, Texas 78521
(956) 542-7441
(956) 541-2170 – fax
Attorneys for Defendant Union Pacific Railroad Company And Union Pacific Corporation

By: _____  Date: 10/29/04
Michell C. Chaney

4. Tom Lockhart
Federal Admissions No. 2257
Adams & Graham, LLP
Post Office Drawer 1429
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954- Fax

and

Todd O. Lafferty
Federal Admissions No._____
Texas Bar No. 00784431
Wheeler Brothers Grain Company
P.O. Box 29
505 West Main Street
Watonga, OK 73772
580-623-23443 Fax
Attorneys for Defendants A T & L Railroad Company, Inc.,
Subject to its Special Appearance

By: _____  Date 10/27/04
Tom Lockhart

5. Tom Lockhart
Federal Admissions No. 2257
Adams & Graham, LLP
Post Office Drawer 1429
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954- Fax
Attorney for Archer-Daniels Midland Company

By: _____  Date 10/27/04
Tom Lockhart

9

# Exhibit "B"

|            |    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                         |
|------------|----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | regarding Plaintiff's Motion to Remand and to address the application of Smallwood v. Illinois Central Railroad Company, 385 F 3d 568 (5th Cir 2004) to the present case. Parties notified.(rpinales, ) (Entered: 11/16/2004)                                                                                                                                                                                                                                                                                                                                                                                                                                            |
| 11/16/2004 | 15 | Plaintiff's Supplemental BRIEF Supportorting re: 4 Opposed Motion to Remand, by all plaintiffs, filed.(rpinales, ) (Entered: 11/18/2004)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
| 11/22/2004 |    | Minute Entry for proceedings held before Judge Andrew S. Hanen. SCHEDULING CONFERENCE held on 11/22/2004. Appearances: Alberto Tovar Garcia, III & Kay Morgan appeared for Plaintiffs; Mitchell Chaney & Patrick Rodriguez, appeared for Deft, Union Pacific; Tom Lockhart appeared for Defts, AT&L & Archer Daniels Midland. (Court Reporter: Barbara Barnard) Parties announced present. Discussion had. After arguments of counsel, Court requests Mr. Rodriguez to submit cases on the pleading issue by 11/29/04. Mr. Garcia to send discovery to Mr. Lockhart by the end of this week. Mr. Lockhart to respond as soon as possible. Mr. Garcis to respond to the Motion to dismiss before Christmas. Any additional briefing to be submitted within the next 7 to 10 days. No scheduling order will be submitted at this time. Court is adjourned.(isoto) (Entered: 11/22/2004) |
| 11/22/2004 | 16 | Plaintiffs' Unopposed MOTION for Leave for Kay K. Morgan to Appear as Attorney in Charge by Juvenal Esparza Rico and Arcelia Contreras Ortega, Individually as the Sole Surviving Heirs of the Estate of Their Son, Omar Esparza Contreras, Irene Godinez Cardona, Individually, as Next Friend of Her minor Son, Roberto Esparza Godinez, and as a Surviving Heir of the Estate of her husband, Roberto Esparza Godinez,and as a Surviving Heir of, filed. Motion Docket Date 12/12/2004. (rpinales, ) (Entered: 11/22/2004) |
| 11/22/2004 | 17 | ORDER granting Plaintiffs' Unopposed 16 Motion for Leave to Appear in Place of Attorney in Charch. It is hereby ordered that Kay K. Morgan of the Ammons Law Firm is hereby granted leave to appear in place of Rober E. Ammons of the Ammons Law Firm at the Status Conference on November 22, 2004 at 9:30 am.( Signed by Judge Andrew S. Hanen ) Parties notified.(rpinales, ) (Entered: 11/22/2004) |
| 11/29/2004 | 18 | Supplemental MEMORANDUM in response re: 4 Motion to Remand,, Motion Docket Date, by Union Pacific, Union Pacific, filed.(rpinales, ) (Entered: 11/29/2004) |
| 11/30/2004 | 19 | Plaintiffs' RESPONSE to Defendants Supplemental 18 Memorandum in Response to Motion to Remand filed by all plaintiffs. (rpinales, ) (Entered: 12/02/2004) |
| 12/27/2004 | 20 | RESPONSE to Defendant A T & L Railroad Company, Inc. Motion to Dismiss For Failure to State Claim filed by all plaintiffs. (rpinales, ) (Entered: 12/27/2004) |
| 01/04/2005 | 21 | Defendant AT&L Railroad Company's REPLY to 20 Response to Defendant AT&L Railroad Company's Motion to dismiss for lack of Personal Jurisdiction filed by A T & L Railroad Company, Inc.. (rpinales, ) (Entered: 01/05/2005) |
| 01/07/2005 | 22 | PROPOSED ORDER re: 21 Reply to Plaintiff's Response to Defendant AT&L Railroad company's Motion to Dismiss for Lack of Personal Jurisdiction., filed.(rpinales, ) (Entered: 01/07/2005) |
| 03/28/2005 | 23 | NOTICE of Change of Address by Law Office of Alberto T. Garcia III,10125 North 10th Street Ste E. Mcallen Texas 78504 956/380-3700 fax 956/380-3703 counsel for all plaintiffs, filed. (rpinales, ) (Entered: 03/28/2005) |

**PACER Service Center**

# Exhibit "C"

# LAW OFFICES OF ALBERTO T. GARCIA III

10125 N. 10th Street, Suite E
McAllen, Texas 78504
(956) 380-3700
Fax (956) 380-3703
E-mail: Albert@atglaw.com

File No. 52042

March 23, 2005

Mr. Mitchell C. Chaney                                 Via Fax 541-2170
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522

Mr. Tom Lockhart                                       Via Fax 428-2954
ADAMS & GRAHAM, L.L.P.
222 East Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551-1429

     Re:    Civil Action No. B-04-117; Juvenal Esparza Rico, et al vs. Arnulfo Flores, Jr., et al; In the United States District Court for the Southern District of Texas, Brownsville, Division

Dear Counsel:

    When we conducted our joint discovery/case management conference, we all agreed to commence discovery after the Court ruled on Plaintiffs' motion to remand. Unfortunately, it has been several months since Plaintiffs filed the motion and presented argument to the Court and we have not had a ruling yet. Rather than continue waiting on a ruling, I propose that we agree to commence discovery in this case as soon as possible. Please let me know whether you are in agreement, and if not, whether I should just file a motion with the Court to modify our joint discovery/case management plan.

    Also, please make note of my new address, phone and fax numbers above.

                                             Sincerely,

                                             Albert Garcia

ATG/ym
cc:    Mr. Robert E. Ammons (Via Fax 713-523-4159)