IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS; MARIA INES MUNOZ BRIONES , INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN, INGRI MARVELLA REYES MUNOZ AND CLARISA YAJAIRA REYES MUNOZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, JUAN ENRIQUE REYES MEZA; JUAN ANTONIO REYES AGUILAR, INDIVIDUALLY; IRENE GODINEZ CARDONA, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR SON, ROBERTO ESPARZA GODINEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, ROBERTO ESPARZA RICO; CLEMENTINA SANCHEZ, INDIVIDUALLY; EVA CRISTINA SANCHEZ SIERRA, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN, KARLA LIZETH AMADOR SANCHEZ, NANCY MARISOL AMADOR SANCHEZ, MARVIN ALEXANDER AMADOR SANCHEZ AND FRANCIS ESTEFANIA AMADOR SANCHEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, PEDRO AMADOR LOPEZ; MANUEL DE JESUS DOBLADO AVILA, INDIVIDUALLY, DELMIRA SOLER DOBLADO, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN NELIS AVILA SOLER, EVER AVILA SOLER, AND ELMER ROBERTO AVILA SOLER, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND ISIDRO AVILA BUESO; LUDIS YESENIA AVILA SOLER, INDIVIDUALLY; OBDULIA FERRUFINO BURGOS; INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR GRANDCHILDREN JONATHAN JOEL GUTIERREZ FERRUFINO, LELY AMPARO CANALES FERRUFINO, IVY ROXANA CANALES FERRUFINO, OSCAR ALFREDO FERRUFINO, JAIRO MAURICIO FERRUFINO, KATHERINE NINOSKA CANALES | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-04-117 |

1

| | |
|---|---|
| FERRUFINO, JENNIFER GUADALUPE FERRUFINO, AND ELMER NOE FERRUFINO, AND AS A SURVIVING HEIR OF THE ESTATES OF HER DAUGHTERS, ROSIBEL FERRUFINO AND LELY ELIZABETH FERRUFINO, AND HER GRANDDAUGHTER LESLY ESMERALDA FERRUFINO, ROSA DELIA HERNANDEZ DE ARDON, INDIVIDUALLY, AS NEXT FRIEND OF HER MINOR CHILDREN HAROLD MAURICIO ARDON HERNANDEZ, MARELYN IVETTE ARDON HERNANDEZ, AND AS A SURVIVING HEIR OF THE ESTATE OF HER HUSBAND, DOMINGO ARDON SIBRIAN; SIXTO ACEVEDO AND MARIA EMILIA PEREZ, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, BYRON ADNER ACEVEDO PEREZ<br><br>VS.<br><br>ARNULFO FLORES, JR., NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA, UNION PACIFIC CORPORATION, UNION PACIFIC RAILROAD COMPANY, A T & L RAILROAD COMPANY, INC. AND ARCHER DANIELS MIDLAND COMPANY,<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO CONTINUE EXPERT DESIGNATION DEADLINES

TO THE HONORABLE COURT:

COME NOW Defendants Union Pacific Corporation and Union Pacific Railroad Company (hereinafter "Defendants" or "Union Pacific"), and submit this, their Response in Opposition to Plaintiffs' Opposed Motion To Continue Expert Designation Deadlines ("Plaintiffs' Motion to Extend"), and in support thereof would respectfully show the Court as follows:

2

# I.
# Introduction

On June 2, 2006, this Court issued its Order Granting Plaintiffs' Unopposed Motion to Abate Discovery Deadlines (hereinafter referred to as the "Current Scheduling Order" and attached hereto as Exhibit "A"). In that Order, the Court set the case for Jury Selection on May 4, 2007, and also set forth additional new deadlines to control the remainder of this lawsuit. According to the Current Scheduling Order, Plaintiffs' experts were to be named with a report furnished on September 28, 2006, and Defendants' experts were to be named with a report furnished by October 27, 2006. In addition, the Current Scheduling Order set January 12, 2007, as the deadline for filing all dispositive motions.

On September 20, 2006, Plaintiffs' filed their Motion to Extend in which they request that the Court extend only the expert designation deadlines in this case for 90 days. Plaintiffs' requested relief not only ignores the underlying problem caused by Plaintiffs' counsels' repeated failures to produce their clients for deposition, but also creates an unworkable conflict with the dispositive motions deadline that would unfairly prejudice Defendants if granted.

# II.
# Argument

Although the Court may grant a request for extension of time for "cause shown," this is not a case in which the Court should grant Plaintiffs' requested relief. See Fed. R. Civ. P. 6(b).

As the Court may recall, the vast majority of the named Plaintiffs in this case reside outside the United States, living in Mexico, Honduras, El Salvador or Guatemala. Despite Defendants' counsels' repeated and diligent efforts to obtain the depositions of the named

Plaintiffs[1], Plaintiffs' counsel to date has been able to offer the depositions of only three named Plaintiffs and one adult child of a named Plaintiff.[2]  In light of these difficulties, Defendants have been unable to complete the discovery necessary to adequately prepare expert reports. Plaintiffs' counsel acknowledged that the delay in producing their clients for deposition has prevented the Parties from being able to complete the discovery necessary to adequately prepare expert reports. (See Pl.'s Mot. To Extend, at p. 2 "[t]he Parties do not believe that they will be able to comply with these deadlines in light of the delays involved with getting all of the Plaintiffs deposed.")

Recognizing that additional discovery was necessary to adequately prepare expert reports, counsel for Defendants contacted Plaintiffs' counsel and discussed the need to request an extension of all the deadlines in the case.  Defense counsel was led to believe that Plaintiffs' counsel would be filing file a motion seeking the extension of all deadlines in the case, not simply request that expert designation deadlines be moved 90 days. However, on September 20, 2006, Plaintiffs' counsel forwarded to Defense counsel a draft of a document entitled "Plaintiffs' Unopposed Motion to Extend Expert Designation Deadlines."  Defense counsel then called Plaintiffs' counsel to discuss the problems that Plaintiffs' request would cause, including the conflict with the dispositive motions deadline.   Plaintiffs' counsel refused to reconsider the issue, however, and filed the present motion. See Affidavit of R. Patrick Rodriguez, counsel for Defendants', attached hereto as Exhibit "B."

---

[1] Counsel for all Parties have discussed entering into a stipulation wherein the Defendants agree that Plaintiffs' counsel need not produce for deposition those named Plaintiffs that Plaintiffs' counsel agrees will, under no circumstances, be called to give evidence and/or live testimony at trial.

[2] The Plaintiffs produced thus far are as follows: Juan Antonio Reyes Aguilar, Irene Godinez Cardona, and Sixto Antonio Acevedo Duarte.  Eliseo Acevedo is the adult son of Plaintiff Sixto Antonio Acevedo Duarte, but is not a party to the present suit.

Plaintiffs' motion to extend only the expert designation deadlines creates an unworkable conflict with the current dispositive motions deadline that unfairly prejudices Defendants. If granted, Plaintiffs' new expert designation and reports deadline would be December 26, 2006, and Defendants' new expert designation and reports deadline would be January 25, 2007. Given that dispositive motions are due on January 12, 2007, Defendants would be forced to try and take the depositions of Plaintiffs' designated experts and draft their dispositive motions in the eighteen (18) days between December 26, 2006, and January 12, 2007. This situation would be both unfairly prejudicial to Defendants, and a practical impossibility given the Christmas and New Year holidays. Therefore, given Plaintiffs' counsels' admitted inability to produce Plaintiffs for deposition and the undue prejudice an extension of only the expert deadlines would place upon Defendants, the Court should extend <u>all</u> deadlines in this matter by ninety (90) days, or, in the alternative, stay the entire case until Plaintiffs' counsel has obtained the appropriate visas for and produced their clients at deposition. Accordingly, the Court should deny Plaintiffs' Motion to Extend.

## III.
## Conclusion and Prayer

Given the absence of good cause shown and the unfair prejudice that Defendants would suffer if Plaintiffs' requested relief were to be granted, Defendants respectfully request that the Court either extend <u>all</u> deadlines by ninety (90) days or, in the alternative, stay all deadlines and DENY Plaintiffs' Opposed Motion To Continue Expert Designation Deadlines.

WHEREFORE, Defendants Union Pacific Corporation and Union Pacific Railroad Company pray that Plaintiffs' Opposed Motion To Continue Expert Designation Deadlines be, in all things, DENIED.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren Street
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170  (Fax)

By   /S/ _____
     Mitchell C. Chaney
     Attorney-in-Charge
     State Bar No. 04107500
     Southern District Admissions No. 1918
     Joseph A "Tony" Rodriguez
     State Bar No. 17146600
     Southern District Admissions No. 10107
     R. Patrick Rodriguez
     State Bar No. 24002861
     Southern District Admissions No. 22949


ATTORNEYS FOR DEFENDANTS
UNION PACIFIC RAILROAD COMPANY
AND UNION PACIFIC CORPORATION


## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of October, 2006, a true and correct copy of the foregoing was served via U.S. Certified Mail, Return Receipt Requested, U. S. Regular Mail and/or Facsimile upon all counsel of record, to wit:

Alberto T. Garcia, III
Adrian Martinez
Garcia & Martinez, L.L.P.
10125 N. 10th Street, Suite E
McAllen, Texas 78504
Attorneys for Plaintiffs


          /S/ _____
          R. Patrick Rodriguez