IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS, et al. | § § § § § § |
| VS. | § **CIVIL ACTION NO. B-04-117** |
| ARNULFO FLORES, JR., NORMA ARRIAGA TREVINO a/k/a NORMA BOCANEGRA, UNION PACIFIC CORPORATION, UNION PACIFIC RAILROAD COMPANY, A T & L RAILROAD COMPANY, INC. AND ARCHER DANIELS MIDLAND COMPANY | § § § § § § § |

**DEFENDANTS UNION PACIFIC RAILROAD COMPANY'S AND
UNION PACIFIC CORPORATION'S
OPPOSED MOTION FOR STATUS CONFERENCE**

Defendant **Union Pacific Railroad Company and Union Pacific Corporation** ("Defendants") by and through their counsel, Rodriguez, Colvin, Chaney & Saenz, L.L.P., hereby make the following Opposed Motion for Status Conference and in support thereof would show as follows:

**I.**

**BACKGROUND**

1. On October 19, 2006, this Honorable Court conducted a telephonic conference to discuss the latest proceedings in this cause and the status of Plaintiffs' interlocutory appeal on this Court's order denying Plaintiff's Motion to Remand. At that time, the Court also granted Plaintiffs' Motion to continue their expert designation deadlines to January 26, 2007.

2.On October 20, 2006, the Court entered an Order for Plaintiffs to produce no later than December 8, 2006 a status report regarding efforts made by Plaintiffs' counsel to make Plaintiffs available for depositions in this country.

3.On November 7, 2006, the parties presented oral arguments before the United States Fifth Circuit Court of Appeals on Plaintiffs' appeal of this Court's Order denying Plaintiffs' remand motion. As of the date of the filing of this Motion, the Fifth Circuit has not yet ruled on Plaintiffs' appeal.

4.On December 12, 2006, Plaintiffs filed their Status Report outlining their efforts to obtain visas from the United States consulates for the adult Plaintiffs to be deposed in this case. In their Report, Plaintiffs explained that three (3) adult Plaintiffs making claims as a result of the deaths of five (5) different decedents had their applications for visas denied in November 2006[1]. Notwithstanding, the immigration firm of Matulewicz, Nitsch & Barrera, L.L.P. is continuing to assist these Plaintiffs in obtaining visas. In addition, at the time, two (2) more adult Plaintiffs[2] suing for the death of decedent Omar Esparza Contreras had a scheduled appointment in connection with their visa application on January 2, 2007 with the U.S. Consulate in Jalisco, Mexico. Defendants are unaware of the results of said appointment. Lastly, adult Plaintiff Maria Ines Munoz Briones suing for the death of Juan Enrique Reyes Meza is not scheduled to meet with the U.S. Consulate in Monterrey, Mexico regarding her visa application until March 5, 2007.

---

[1] The adult Plaintiffs are Obdulia Ferrufino Burgos for the death of decedents Rosibel, Lely Elizabeth, and Lesly Esmeralda Ferrufino; Eva Cristina Sanchez Sierra for the death of decedents Pedro Amador Lopez; and Rosa Delia Hernandez de Ardon for the death of Domingo Ardon Sibrian.

[2] The two adult Plaintiffs are Juvenal Esparza Rico and Arcelia Contreras Ortgega.

5.   In October 2006, Plaintiffs designated Richard Cortez, a certified public accountant, to opine regarding the economic damages incurred by each of the Plaintiffs as a result of the deaths of various decedents. From Plaintiffs expert report, it appears that Plaintiffs' expert based his opinions solely on the decedents death certificates and various studies regarding life expectancies, work life expectancies, discount rates and immigration figures. Without having the benefit of the Plaintiffs' depositions in this cause, Defendants not only lack the information necessary to even assess whether an expert on this issue is necessary to rebut Mr. Cortez's opinion but also lack the necessary deposition testimony relating to decedents' earnings history, employment history, earning capacity, and personal consumption upon which any reliable opinions can be derived.

6.   Moreover, Plaintiffs did not designate any liability experts or reports on Plaintiffs' January 26, 2007 expert deadline. Without the benefit of Plaintiffs' liability theory, Defendants are once again without the requisite information and cannot prepare a responsive expert report by their March 2, 2007 deadline in defense against Plaintiffs' allegations. To require Defendants to marshall their proof before Plaintiffs produce their liability expert opinions on issues that Plaintiffs bear the burden on will prejudice Defendants' defense of this cause and invade their trial strategy. Notwithstanding, Defendants have designated a security expert to respond to Plaintiffs' negligence allegations, but without more Defendants are unable to secure responsive opinions or determine if any additional experts need be retained in response to Plaintiffs' liability theories.

## II.

## REQUEST FOR STATUS CONFERENCE

7. Defendants bring this request for status conference to determine the status of Plaintiffs' efforts to obtain visas for the adult Plaintiffs to be deposed and discuss the progress of this case in light of the deadlines imposed in this cause. Defendants require the necessary depositions in order to prepare their defense and to effectively identify experts and produce opinion reports. Moreover, Defendants cannot effectively respond to Plaintiffs' liability allegations or produce a liability expert report without Plaintiffs' expert's report on the issues upon which Plaintiffs' bear the burden. To require Defendants to blindly proceed with the production of any expert opinions and their evidence in support absent Plaintiffs' basis for their liability allegations will highly prejudice the defense of this cause and inherently invade Defendants' trial strategy.

8. Therefore, Defendants respectfully seek the Court's guidance with the progress in this cause, the depositions that are sought, and the deadlines imposed to avoid any prejudice in the matter. Defendants request that the Court schedule a conference call with the parties at its earliest convenience in light of the continuing deadlines to be met to discuss the matters raised herein.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court set a conference call at the Court's earliest convenience in light of the continuing deadlines set in this cause and for any and all other relief to which they may show themselves entitled.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____/s/_____
    Mitchell C. Chaney
    Attorney-in-Charge
    State Bar No. 04107500
    Southern District Admissions No. 1918
    Joseph A "Tony" Rodriguez
    State Bar No. 17146600
    Southern District Admissions No. 10107
    RosaMaria Villagomez-Vela
    State Bar No. 24008210
    Southern District Admissions No. 22983

1201 E. Van Buren Street
P.O. Box 2155
Brownsville, Texas 78522
Telephone No.: (956) 542-7441
Facsimile No.:  (956) 541-2170

**ATTORNEYS FOR DEFENDANTS,
UNION PACIFIC RAILROAD CO. &
UNION PACIFIC RAILROAD CORP**.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she has conferred with Plaintiffs' counsel regarding the substance of said Motion. At this time, Plaintiffs' counsel opposes a status conference regarding the status of the visa applications until such time the Court rules on Plaintiffs' request for entry of an order directing the Department of Homeland Security to issue visas to the adult Plaintiffs.

                                                      /s/
                                        RosaMaria Villagomez-Vela

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of Defendants' Motion for Status Conference was served upon all counsel of record, to-wit:

Alberto T. Garcia, III<br>
Adrian R. Martinez<br>
Law Offices of Alberto T. Garcia, III, P.C.<br>
500 W. Pecan Blvd.<br>
McAllen, TX  78501

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Federal Rules of Civil Procedure on this the 2nd day of March, 2007.

/s/<br>
Mitchell C. Chaney