IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUVENAL ESPARZA RICO AND ARCELIA CONTRERAS ORTEGA, INDIVIDUALLY AND AS THE SOLE SURVIVING HEIRS OF THE ESTATE OF THEIR SON, OMAR ESPARZA CONTRERAS, ET AL : : : : : : : VS. : : ARNULFO FLORES, JR., NORMA ARRIAGA TREVINO, A/K/A NORMA BOCANEGRA, UNION PACIFIC CORPORATION, UNION PACIFIC RAILROAD COMPANY, A T & L RAILROAD COMPANY, INC., AND ARCHER DANIELS MIDLAND COMPANY : : : : : : : : : | CIVIL ACTION NO. B-04-117 |

**DEFENDANTS ARCHER-DANIELS-MIDLAND CO. AND A T & L RAILROAD CO., INC.'S UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT AS TO THE CLAIMS DISMISSING THEM**

TO THE SAID HONORABLE COURT:

COMES NOW Defendants **ARCHER-DANIELS-MIDLAND COMPANY** ("Archer"),and **A T & L RAILROAD COMPANY, INC.** ("ATL") and file this Unopposed Motion for Entry of Final Judgment as to the Orders Dismissing them and would respectfully show unto the Court the following:

I. Certificate of Conference

The undersigned has conferred with Plaintiffs and Defendants Union Pacific Corp., and Union Pacific Railroad Co., Inc. The have not conferred with Defendants Florez

Trevino because (1) they have not answered, and (2) they were last known to be incarcerated in a federal prison. Plaintiffs, Defendants Union Pacific Corp., and Union Pacific Railroad Co., Inc., do not oppose this motion.

## II.  Relief Requested

This case was removed from state court. Dkt #1. The Court granted a stipulated dismissal of Defendant Archer (Dkt #34) and dismissed ATL for lack of personal jurisdiction (Dkt #26). The Court denied Plaintiffs' motion to remand, but certified the issue of interlocutory appeal. Dkt # 29. The U.S. Fifth Circuit has reversed. *Rico v. Flores*, No. 05-41719 (5th Cir., March 7, 2007). ATL and Archer understand the Union Pacific will file a motion for rehearing.

Archer and ATL move for entry of final judgment on the claims against Archer and ATL under FRCP 54(b).

## II.  Argument

When there are claims against multiple parties, a district court may direct the entry of a final judgment as to some (but fewer than all) of the claims, but only upon a finding of there no just reason for delay. FED. R. CIV. P. 54(b). Here the Court has dismissed both ATL and Archer. Dkt #26, 34.

Whether or not the claims against Union Pacific are remanded, Plaintiffs stipulated to a dismissal of Archer. Archer should not have to wait for its dismissal to be final until the conclusion of the case in this Court or in state court.

As to ATL, its dismissal is not merits based. It is based on Texas' lack of personal jurisdiction over ATL. A change in forum cannot change the result. Texas' Long Arm Statute extends to the full reach of the federal Due Process Clause; the analysis will be the same in either court. *Electrosource, Inc. V. Horizon Battery Techs.*, 176 F.3d 867, 871 (5th Cir. 1999). Thus, a state court would have to reach the same result as did this Court.

Though a panel of the Fifth Circuit may have reversed this Court's ruling on remand, this does not affect the Court's jurisdiction to enter judgment on the prior dismissal orders. The removal issue remains pending in the appellate court and may yet be reconsidered. Before deciding its removal jurisdiction, this Court has the ability to entertain a variety of threshold objections pending a ruling on subject matter jurisdiction, e.g., a remand. *See, e.g., Sinochem Internat. Co. Ltd v. Malaysia Internat. Shipping Corp.*, 549 U.S. ___, 127 S.Ct. 1184, 1190 (2007) (may rule on forum non conveniens before jurisdiction); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (may rule on lack of personal jurisdiction before ruling on subject matter jurisdiction); *Dunn v. A/S Em. Z.Svitzer*, 885 F. Supp. 980, 983-84 (S.D.Tex. 1995) (may decide personal jurisdiction before a motion to remand). Therefore this Court has the ability to enter a final judgment on the issue of personal jurisdiction over ATL, even if a remand is later ordered as to Plaintiffs' claims against Union Pacific. *See, e.g., Thomas v. Kennedy*, 75 Fed. Appx. 281, 284 (5th Cir. 2003) (unpublished).

WHEREFORE, PREMISES CONSIDERED, this Defendants pray that upon submission of this motion the Court grant the relief requested, enter final judgment

dismissing them, and for such other and further relief, at law or in equity, as it may show itself justly entitled to receive.

>Respectfully submitted,
>
>ADAMS & GRAHAM, L.L.P.
>P. O. Drawer 1429
>Harlingen, TX 78551-1429
>(956) 428-7495
>(956) 428-2954 (fax)
>
>By  /s/ *Tom Lockhart*
>    Tom Lockhart
>    State Bar No. 12473500
>    Federal Bar No. 2257
>    Roger W. Hughes
>    State Bar No. 10229500
>    Fed. Bar. No. 5950
>
>ATTORNEYS FOR DEFENDANTS ARCHER-DANIELS-MIDLAND COMPANY and
>A T & L RAILROAD CO.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the March 22, 2007

Mr. Alberto T. Garcia III
**Law Offices of Alberto T. Garcia III, P.C.**     **CMRRR# 7006 0100 0005 6961 3019**
10125 North 10th Street, Suite E
McAllen TX 78504
Counsel for Plaintiffs

Mr. Mitchell C. Chaney **Via Regular Mail**
**Rodriguez, Colvin & Chaney & Saenz LLP**
1201 East Van Buren
P. O. Box 2155
Brownsville, TX 78522
Counsel for Defendants, Union Pacific Railroad
Company and Union Pacific Corporation

Mr. Arnulfo Flores, Jr. **Via Regular Mail**
Karnes City Correctional Center
810 Commerce St.
Karnes City, Texas 78118

Ms. Norma Arriaga Trevino **Via Regular Mail**
Liberty County Institution
IN# 04 133 938 H-1
P. O. Box 10069
Liberty, Texas 77575

                                            /s/ *Tom Lockhart*
                                             Tom Lockhart